**Joseph GALLAGHER, Petitioner,**

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Sept. 13, 2001.

Decided Aug. 8, 2002.

William Ruzzo, Wilkes–Barre, for petitioner.

Amy M. Elliott, Harrisburg, for respondent.

---

BEFORE: DOYLE, Senior Judge,[1] SMITH–RIBNER, J., and MIRARCHI, JR., Senior Judge.

OPINION BY Senior Judge DOYLE.

 This is an appeal by Joseph Gallagher (Parolee) from an order of the Pennsylvania Board of Probation and Parole (Board) denying administrative relief and upholding a recalculation order of the Board that declined to credit pretrial confinement time spent incarcerated on new criminal charges to Parolee's old criminal sentence.

 The following facts are pertinent. Parolee was arrested on new criminal charges, while on parole, on July 26, 1999, and did not post bail. On July 27, 1999, the Board lodged its detainer. Thereafter, on June 28, 2000, Parolee pled guilty to thirty counts of criminal mischief, all summary offenses, and was sentenced to probation by a magistrate for two and one-half years. As a pretrial detainee on the new charges, he was incarcerated for the period from July 27, 1999, until June 28, 2000, the date he was convicted and sentenced on the new charges. He asserts on appeal[2] that this period of time should be credited to his old sentence because his new sentence was for a period of probation only. In addressing the issue raised by Parolee, a review of the present status of the case law is helpful.

In *Gaito v. Pennsylvania Board of Probation & Parole*, 488 Pa. 397, 412 A.2d 568 (1980), our Supreme Court held that, "if a defendant is being held in custody solely because of the detainer lodged by the Board and has otherwise met the require-ments for bail on the new criminal charges, the time which he spent in custody shall be credited against his original sentence. If a defendant, however, remains incarcerated prior to trial because he has failed to satisfy bail requirements on the new criminal charges, then the time spent in custody shall be credited to his new sentence." *Id.* at 403–404, 412 A.2d at 571. *Gaito* also stated that, where the parolee is not convicted, or if no new sentence is imposed, the pretrial custody time must be allocated to the old sentence. *Id.* at 403 n. 6, 412 A.2d at 571 n. 6.

Following *Gaito*, and in accord with its holding, this Court decided *Davidson v. Pennsylvania Board of Probation & Parole*, 667 A.2d 1206 (Pa.Cmwlth.1995), where the parolee's new criminal charges were nolle prossed, and we held that he *was* entitled to credit against his original sentence. But, in *Smarr v. Pennsylvania Board of Probation & Parole*, 748 A.2d 799 (Pa.Cmwlth.2000), *petition for allowance of appeal granted*, 568 Pa. 58, 791 A.2d 1166 (2002), where the parolee pled guilty to the new criminal charges and was sentenced to twelve months probation only, we held that credit could *not* be applied to the old sentence because (1) he had pled guilty; (2) he had failed to make bail on the new charges; and (3) a sentence of probation is, in fact, a "sentence", albeit a sentence which does not require incarceration. Similarly, in *Owens v. Pennsylvania Board of Probation & Parole*, 753 A.2d 919 (Pa.Cmwlth.2000), *petition for allowance of appeal granted*, 568 Pa. 60, 791 A.2d 1167 (2002), the parolee was sentenced on his new charges to "guilt without further penalty" in accordance with Section 9723

---

1. This case was assigned prior to the date when President Judge Doyle assumed the status of senior judge on January 1, 2002.

2. Our standard of review is limited to determining whether the findings are supported by substantial evidence and whether there has been a constitutional violation or an error of law. *Berry v. Pennsylvania Board of Probation and Parole*, 756 A.2d 135 (Pa.Cmwlth. 2000).

of the Sentencing Code, 42 Pa.C.S. § 9723. Again, this Court rejected the notion that *Gaito* entitled the parolee to credit against the old sentence, reasoning that even though Section 9723 of the Sentencing Code provides for "guilt without further penalty" in instances where the court determines that probation is not needed, "the parolee is still found guilty and a sentence is still imposed." *Owens,* 753 A.2d at 921.

Next, in *Berry,* we were faced with a parolee who pled nolo contendre to new charges and was sentenced to time served (four months) plus twenty months probation. Because his pretrial confinement time on the new charges was in excess of four months, he sought to apply his remaining pretrial jail time to his old sentence.[3] In essence, he argued that the exception in *Gaito* should also apply where a parolee receives a sentence that is shorter than his pretrial confinement time. We rejected this attempt to establish a "penal checking account,"[4] and again reiterated that because the parolee was convicted and a new sentence was imposed, the *Gaito* exception did not apply.

Subsequent to *Berry,* we decided *Slaymaker v. Pennsylvania Board of Probation & Parole,* 768 A.2d 417 (Pa.Cmwlth. 2001). The novel argument in *Slaymaker* was that the parolee should be entitled to credit his pretrial confinement time toward his old sentence because it was part of his plea bargain. While concluding that the record did not establish that the sentencing judge had agreed to such a bargain, we opined that, *even* if he had, the order would have been unenforceable as to the Board since it was not a party to the criminal proceedings and since such an arrangement would violate the holding in *Gaito.* We note, however, the presence of some expansive language in *Slaymaker,* which states **in dicta** as follows: "Only if the offender is acquitted of the new charge, **sentenced to probation** or the charges are nolle prossed would the presentence confinement time be credited to the offender's original sentence even if bail had not been posted on the new criminal charge." *Id.* at 419 (emphasis added). We point out that this language in *Slaymaker,* which is emphasized, was obiter dictum and now disavow such language regarding a sentence of probation as being directly contrary to our decision in *Smarr.*

Applying the law to the present case, we conclude that this case is controlled by *Smarr* and hold that Parolee is not entitled to the credit he seeks.

Accordingly, the decision of the Pennsylvania Board of Probation and Parole denying administrative relief is affirmed.

Judge SMITH–RIBNER dissents.

### ORDER

**NOW,** *August 8, 2002,* the order of the Pennsylvania Board of Probation and Parole denying administrative relief in the above-captioned matter is hereby affirmed.

---

**3.** No explanation is given in *Berry* as to how, technically, Berry was formally sentenced on July 8, 1999, to "time served (four months)" when he actually had spent nine months and fourteen days awaiting disposition of the new charges.

**4.** *Accord Siers v. Pennsylvania Board of Probation & Parole,* 725 A.2d 220 (Pa.Cmwlth.), *petition for allowance of appeal denied,* 562 Pa. 678, 753 A.2d 822 (1999).