OPINION JUSTICE DOUGHERTY.' We consider whether the Commonwealth Court erred when it vacated the decision of the Pennsylvania Board of Probation and Parole (the Board) regarding the allocation of pre-sentence confinement credit to which appellee Derek Smith is entitled. We hold the Commonwealth Court erred, and we therefore remand for recalculation of appellee’s maximum release date. On November 4, 1998, appellee was found guilty of robbery[1] and sentenced to ten to twenty years’ imprisonment; his minimum release date was December 31, 2010, and maximum release date was December 31, 2020. He was" released on parole on October 27, 2011. On January 27, 2013, while on parole, appellee was arrested in North Carolina for multiple jewelry store robberies; the record indicates ap-pellee did not post bail and thus remained in custody. Board’s Crim. Arrest & Disposition Rpt., 8/5/13, Certified Record (C.R.) at 14; Board’s Ltr. to Appellee, 4/17/15, at 1, C.R. at 100 (“There is no indication .that you posted bail from [your federal] charges and you do not claim that you posted bail.”). The following day,. the Board, which had received notice of the arrest, lodged ,a detainer against appellee. See 61 Pa.C.S. § 6138(c)(1) (parolee under Board’s jurisdiction who .commits technical violation of parole may be detained pending hearing before Board), On April 23, 2013, federal authorities indicted appellee in North Carolina on charges arising from the jewelry store robberies.[2] On May 2, 2013, he was detained by .federal authorities and subsequently, while still on the federal detainer, transferred to the Columbia County Prison in Pennsylvania. The Board issued a notice of charges, citing appellee’s arrest for the federal crimes and his leaving the district without permission, and appellee waived his right to a parole revocation hearing and admitted only that he committed a technical violation by leaving the district without permission. On November 27, 2013, the Board recommitted appellee as a technical violator, imposed six months’ imprisonment for the violation, and reparoled him immediately, subject to his federal detainer and pending the disposition of his outstanding federal charges. Meanwhile, appellee agreed to the transfer of his federal case' from the United States District Court for the Eastern District of North Carolina to the Middle District of Pennsylvania, and on December 10, 2013, he pleaded guilty to those federal charges. The federal court imposed an aggregate term of 246 months’ imprisonment on June 3, 2014, On September 10, 2014, appellee was transferred to SCI Rockview to serve the remainder of his state sentence with the same maximum release date as when he was initially sentenced, December 31, 2020, before being transferred to the federal prison system.[3] The Board issued a second notice of charges, and appellee again waived his right to a revocation of parole hearing, this time admitting he committed the new federal criminal offenses. On December 12, 2014, the Board: reversed the portion of its November 27, 2013 decision reparoling appellee (after imposing its six month sentence for the technical violation); recommitted him as a convicted parole violator; and ordered him to serve 48 months’ back time consecutively to the previously-imposed six months’ term for the technical violation.[4] The Board also calculated appel-lee’s new maximum date as May 7, 2023, thus declining to credit his original state sentence with any time he was confined on the Board’s detainer following his North Carolina arrest,. Appellee filed two pro se administrative appeals, arguing, inter alia, the Board should have awarded him credit on his state sentence for all the time he was detained,[5] The Board denied relief, explaining it awarded 93 days’ credit for the period he was held solely on its detainer (January 29 to May 2, 2013), but it did not award credit for the 397 days he was held on both its detainer and the federal detain-er (May 2, 2013 to June 3, 2014), because that time must be applied to his federal sentence.[6] In doing so, the Board expressly relied on Gaito v. Pa. Bd. of Prob. & Parole, 488 Pa. 397, 412 A.2d 568 (1980).[7] Appellee filed a counseled petition for administrative review, again arguing the Board improperly failed to credit him all the time to which he was entitled on his state sentence. The Board denied relief via letter decision, again maintaining it properly declined to apply credit -toward his original state sentence pursuant to Gaito. Appellee filed a timely petition for review with the Commonwealth Court, arguing the Board erred in not awarding him credit on his state sentence for all the time he was held on both the Board’s detainer and the federal detainer. In support, appellee relied on Baasit v. Pa. Bd. of Prob. & Parole, 90 A.3d 74 (Pa. Cmwlth. 2014), for the proposition that, under the primary jurisdiction doctrine, if Pennsylvania is the sovereign that arrests a defendant first, the Board must apply pre-sentence confinement credit to his original state sentence. See id. at 83, citing Newsuan v. Pa. Dept. of Corrections, 853 A.2d 409, 412 (Pa. Cmwlth. 2004).[8] Appellee also argued the Prisons and Parole Code previously required a convicted parole violator to serve a new federal sentence before state parole back time, see 61 Pa.C.S. § 6138 (a)(5)(i)—(iii), amended by Act 2010-95 (S.B. 1161), P.L. 931, § 20, but current Section 6138(a)(5.1) reverses the order and requires the original state sentence be served first, before the federal sentence.[9] Appellee construed this more recent enactment as legislative intent to address “[t]he concern that other sovereigns have used Pennsylvania prisons and ... tax dollars to satisfy their sentences.” Appellee’s Cmwlth. Ct. Brief at 10-11. Appellee claimed the Board therefore erred in relying on Gaito for its application of the time he was incarcerated on both detainers to his federal sentence. The Board denied it was required to award appellee credit on his state sentence for the time he was held on both detainers simply because Pennsylvania was the first to arrest him. It also averred Baasit incorrectly interpreted Section 6138(a)(5.1) as affecting allocation of pre-sentence credit, and claimed instead that provision merely changed the order of sentences for a convicted parole violator who received a new federal or out-of-state sentence. The Board asserted the Commonwealth Court itself recognized this principle in Armbruster v. Pa. Bd. of Prob. & Parole, 919 A.2d 348 (Pa. Cmwlth. 2007).[10] The Board maintained Gaito remains controlling precedent and the lone exception to Gaito was set forth in Martin, which allowed credit to be applied to a parolee’s original sentence only if it were not possible to award all credit toward his new sentence because the new sentence was shorter than the period of, pre-sentence confinement. The Board contended appellee’s case is distinguishable from Martin, and thus under Gaito, it properly denied the credit on appellee’s state sentence because appellee was not detained solely on the Board’s detainer but also on a federal detainer. In a published opinion, a unanimous panel of the Commonwealth Court rejected the Board’s arguments and vacated its order. Smith v. Pa. Bd. of Prob. & Parole, 133 A.3d 820 (Pa. Cmwlth. 2016). The panel extensively cited Baasit, including its-statements that: Gaito’s bright line rule regarding how to- allocate credit for time held on detainers no longer applied be-' cause Martin afforded the Board discretion to fashion equitable.awards of credit; pre-sentence confinement credit should be applied in accordance with Section 6138(a)(5.1); and the doctrine of primary jurisdiction compelled that credit should be applied to appellee’s original sentence. Id. at 823. The panel specifically rejected the Board’s contention Section 6138(a)(5.1) does not affect how pre-sentence credit should be applied. Id. at 824. The panel thus vacated the Board’s decision and remanded for it to apply the credit at issue toward appellee’s original state sentence. Id. at 825.[11] The Board filed a timely petition, for allowance of appeal, and we granted review to determine whether the Commonwealth Court’s decision conflicts with our decision in Gaito. Smith v. Pa. Bd. of Prob. & Parole, 143 A.3d 891 (Pa. 2016). The Board maintains “[ajlthough there are hundreds of Commonwealth Court decisions addressing various fact patterns,” the “straightforward credit allocation rule” of Gaito remains the cornerstone for awarding credit, as the Commonwealth Court recognized in Armbruster. Board’s Brief at 11, 13. The Board reiterates the only exception to the rule announced in Gaito is found in Martin, which effectively eliminated what was colloquially referred to as “dead time” — pre-sentence confinement that could not be credited to any sentence — by recognizing a convicted parole violator is entitled to credit on his original sentence if the period of presen-tence detention exceeds the maximum term of his new sentence;' the Board notes that situation is not present here. The Board also asserts Section 6138(a)(5.1)' does not govern how confinement credit should be applied, but instead simply dictates the order in which a convicted parole violator’s original senténce and new sentence must be served. The Board reasons regardless of which sentence must be served first, presentence confinement credit has always been governed by Gaito and Martin, and those decisions directed its denial of credit toward-appellee’s original state sentence. Finally, the Board claims- the primary jurisdiction doctrine does not apply, as that doctrine addresses jurisdictional disputes between sovereigns, and here, there was no such dispute because appellee was not detained by the Commonwealth until after he was sentenced on his new federal charges. Appellee responds Gaito was undermined by Martin, and in any event, Gaito does not apply here. Appellee avers in the past, the Board “misused” Gaito in order to create “dead time” when a parolee’s new charges did not result in incarceration. Appellee’s Brief at 5-6. Appellee further asserts Gaito is “factually inapplicable,” claiming that credit for pre-sentence con-fmement should properly be allocated to the sentence a parolee is statutorily required to serve first. Id. at 6, He maintains at the time Gaito was decided, a convicted parole violator was required to serve a new federal sentence before state parole back time, but the current. Section 6138(a)(5.1) reversed this order and requires state parole back time to be served first. Appellee further alleges Section 6138(a)(5.1) was enacted as a part of legislative reforms to reduce the Pennsylvania prison population, and thus claims the “legislature intended it is not cost effective” to keep offenders in Pennsylvania longer than necessary, Id. at 12-13, citing Stewart Greenleaf, Prison Reform in the Pennsylvania Legislature, 160 U.Pa. L.Rev. PENNumbra 179, 180 (2011) (Pennsylvania’s inmate population has soared and could grow 24% over next five years).-Appellee also notes the risk of “double crediting” is not present in this case, as any credit for a federal sentence is determined. under strict federal statutory provisions that preclude credit toward a new federal sentence for any time credited toward an original state sentence. Appellee’s Brief at 8, citing Baasit, 90 A.3d at 83 (citing 18 U.S.C. § 3585(b)). Finally, ap-pellee again relies on the statement in Baasit the doctrine of primary jurisdiction requires credit for pre-sentence confinement must be allocated to an original sentence, not a new sentence. We note this appeal involves questions of law over which our scope of review is plenary and our standard of review is de novo. Pittman v. Pa. Bd. of Prob. & Parole, 159 A.3d 466, 473 (Pa. 2017). We further note the Commonwealth Court was charged with affirming the Board’s adjudication, unless that adjudication violated ap-pellee’s constitutional' rights, or was “not in accordance with law, or that the provisions of Subchapter A of Chapter 5 (relating to practice and procedure of Commonwealth agencies) have been violated in the proceedings before the agency, or that any finding of fact made by the agency and necessary to support its adjudication is not supported by substantial evidence,” See 2 Pa.C.S. § 704, See also Goods v. Pa. Bd. of Prob. & Parole, 590 Pa. 132, 912 A.2d 226, 231 (2006). We review the precedential landscape relevant to this appeal,- beginning with our 1980 decision in Gaito. Gaito, who was on parole, was arrested and detained for violations of the Uniform Firearms Act (VUFA charges), as well as a separate Board detainer for the parole violations arising out of the VUFA charges, for almost nine months. Gaito, 412 A.2d at 569. Gaito was found guilty of the VUFA charges and received a new sentence of two to five’years’ imprisonment. Id. The Board recommitted him and credited the time he spent in custody between his VUFA arrest and his VUFA sentencing to his original sentence. See id. Gaito filed a petition for review in. the Commonwealth Court, seeking to apply the credit against his VUFA sentence instead. Id. at 569, 571. The Commonwealth Court denied relief, relying on Mitchell v. Pa. Bd. of Prob. & Parole, 31 Pa.Cmwlth. 243, 375 A.2d 902 (1977), which held that when a parolee was incarcerated- for new charges and- subject to a new Board detainer for a parole violation, credit for the confinement must be applied to the parolee’s original sentence. Gaito, 412 A.2d at 571. By the-time Gaito’s appeal was before this Court, the Commonwealth Court had modified Mitchell in Rodrigues v. Pa. Bd. of Prob. & Parole, 44 Pa.Cmwlth. 68, 403 A.2d 184 (1979). We expressly adopted the rationale in Rodriques and held: [I]f a defendant is being held in custody solely because of a detainer lodged by the Board and has otherwise met the requirements for bail on the new criminal charges, the time which he spent in custody- shall be credited against his original sentence. If a defendant, however, remains incarcerated prior to trial because he has failed to satisfy bail requirements on the new criminal charges, then the time spent in custody shall be credited to his new sentence.[6] Gaito, 412 A.2d at 571 & n.6, Applying this new .rationale, we remanded to the Commonwealth Court to determine, as it was not apparent from the existing record, whether Gaito had satisfied the bail requirements on the new charges. Id. at 571. Twenty-three years later, in Martin, this Court considered Gaito and particularly the. proposed exception at footnote 6 in a case in which the length of pre-trial confinement exceeded the sentence imposed for the new crimes. Martin, 840 A.2d at 301; see Gaito, 412 A.2d at 571 n.6 (“[I]f a parolee is not convicted, or if no new sentence is imposed for that conviction on the new charge, the pre-trial custody-time must be applied to the parolee’s original sentence.”). Martin — who had been paroled after serving part of his sentence for robhery — was arrested and charged with two counts of driving under the influence (DUI); on the same day, the Board lodged a detainer against him. Martin, 840 A.2d at 300. Martin was unable to post bail for the DUI charges and remained incarcerated for more than thirteen months before he was convicted of the DUI charges and sentenced to 48 hours’ time served and ;one year of probation. Id, Subsequently, the Board revoked parole on his original sentence, and Martin requested credit on his original sentence for the excess time he served on the Board’s detainer that could not be applied to his new 48-hour -sentence, Id. at 301. The Board-denied the request. Id. A divided Commonwealth Court panel affirmed, relying on Commonwealth Court cases that strictly applied Gaito, strictly interpreted footnote 6 of Gaito, and held credit could be applied toward an original sentence only if the parolee was not convicted of, or if no.“sentence” was imposed on, the new charges.[12] Id., citing Berry v. Pa. Bd. of Prob. & Parole, 756 A.2d 135, 138 (Pa. Cmwlth. 2000) (declining to extend Gaito exception to allow credit toward original sentence when parolee’s .new sentence was shorter than time, he .was incarcerated on detainer for parole violations). ■ On appeal, the Martin Court recognized 42 Pa.C.S. § 9760 requires a court to give credit to sentencing for new charges,[13] but the General Assembly had not set forth, criteria for applying credit with respect to a parolee who commits-a crime while on parole. Martin, 840 A.2d at 303. Nevertheless, although the Gaito Court did not address or even cite Section 9760, the Martin Court stated Gaito essentially construed Section 9760 to mandate,credit for all incarceration served before a defendant is sentenced. Id. at 304. The Martin Court then stated footnote 6 in Gaito “attempted to impart the principle that credit should be applied equitably” when there is no new period of incarceration, but Gaito employed the broader word “sentence,” which was statutorily defined to include probation, a determination of guilt without further penalty, partial confinement, a fíne, and intermediate punishment. Id. at 305, citing 42 Pa.C.S. § 9721 (Sentencing Code definition of “sentence”). The Martin Court observed Gaito’s use of the word “sentence” thus inadvertently directed the Board and Commonwealth Court to apply footnote 6 “strictly, rather than equitably,” such that credit was only given for an original sentence when a parolee was acquitted or the charges against him were nolle prossed. Id. at 305.[14] The Martin Court specifically stated: It is now the opinion of this Court that the Board should not have been divested of its ability to make a determination concerning credit for time served for pre-sentence detention in instances where confinement is a result of both the detainer for a parole violation and the failure to meet conditions of bail on the new offense.... Unique combinations of circumstances will be presented in different cases that tip the balance for or against the particular allocation of credit. Decision making in this context is, thus, particularly suited to a discretionary framework with guidelines to ensure equitable treatment. Martin, 840 A.2d at 308. The Court thus held, [Wjhere an offender is incarcerated on both a Board detainer and new criminal charges, all time spent in confinement must be credited to either the new sentence or the original sentence. We further hold that the indigency of a detainee in failing to satisfy the requirements for bail is not determinative as to whether the offender receives credit for time served. Id. at 309 (footnote omitted). The Commonwealth Court subsequently attempted to extend Martin in Melhorn v. Pa. Bd. of Prob. & Parole, 883 A.2d 1123 (Pa. Cmwlth. 2005), in which the parolee Melhorn’s new sentence was longer than the time he was detained on both a Board detainer for violations of parole on his original sentence and on new charges, for which he did not meet bail requirements. Melhorn, 883 A.2d at 1129-30. Neither the sentencing court nor the Board gave Melhorn any credit at all for the time detained. Id. at 1126. On appeal, the Commonwealth Court considered Martin’s requirement that “where an offender is incarcerated on both a Board detainer and new criminal charges, all time spent in confinement must be credited to either the new sentence or the original sentence,” and accordingly directed the Board to credit the detention time toward the parolee’s original sentence. Id. at 1129 (emphasis in original), citing Martin, 840 A.2d at 309. This Court, however, reversed without discussion in a per curiam order citing Gaito and McCray v. Pa. Dep’t of Corrections, 582 Pa. 440, 872 A.2d 1127 (2005).[15] Melhorn v. Pa. Bd. of Prob. & Parole, 589 Pa. 250, 908 A.2d 266 (2006). In 2007, the Commonwealth Court decided Armbruster, in which the parolee Armbruster was detained on new charges for which he did not post bail, as well as a Board detainer arising out of the parole violations, for 250 days. Armbruster, 919 A.2d at 350. He was convicted of the new criminal charges and received a sentence of eight to 24 months’ imprisonment, in which the sentencing court did not indicate he was to receive credit for the confinement. Id. Subsequently, the Board recommitted Armbruster, denying credit for the 250 days toward his original sentence. Id. at 352. On appeal to the Commonwealth Court, he argued he was entitled to the credit on his original sentence because no credit was given to his new sentence. Id. The Commonwealth Court panel reviewed Gaito and Martin and observed the Commonwealth Court has “applied the Martin rule whenever the parolee’s new sentence was less than the time spent in custody awaiting trial on the new charges.” Id. at 354 (emphasis in original). The panel then considered the facts and holding in Mel-horn and concluded, Martin is limited to the allocation of excess pre-sentence confinement credit. In other words, where a parole violator is confined on both the Board’s warrant and the new criminal charges and it is not possible to award all of the credit on the new sentence because the period of presentence incarceration exceeds the maximum term of the new sentence, the credit must be applied to the offender’s original sentence. Armbruster, 919 A.2d at 355 (emphasis in original). Notably, when the above cases were decided, Section 6138(a)(5) of the Prisons & Parole Code was in effect, although none of the cases mentioned or referred to it. At that time, the sub-section provided: (5) If a new sentence is imposed on the parolee, the service of the balance of the term originally imposed shall precede the commencement of the new term imposed in the following cases: (i) If a person is paroled from a State correctional institution and the new sentence imposed on the person is to be served in the State correctional institution. (ii) If a person is paroled from a county prison and the new sentence imposed upon him is to be served in the same county prison. (iii) In all other cases, the service of the new term for the latter crime shall precede commencement of the balance of the term originally imposed. , 61 Pa.C.S. § 6188(a)(5)(i)—(iii). Thus, pursuant to sub-section (5)(iii), when a convicted parole violator received a new federal sentence, he was to serve it first before commencing the back time on his original state sentence. However, in 2010, the legislature added Section (a)(5.1), which requires a parolee to serve back time first, before a new federal sentence: (5.1) If the parolee is sentenced to serve a new term of total confinement by a Federal court or by a court of another jurisdiction because of a verdict or plea ..., the parolee shall serve the balance of the original term before serving the new term. See 61 Pa.C.S. § 6138(a)(5.1).[16] In this new statutory context, the Commonwealth Court decided Baasit, on which the panel below relied. Baasit was on parole when he was detained both on a Board detainer arising out of parole violations and for new federal drug charges. Baasit, 90 A.3d at 75. He pleaded guilty to the federal charges and was sentenced to 48 months’ federal custody, to be served consecutively to any sentence he was already serving. Id. The Board recommitted him and, citing Gaito, did not give credit toward his original sentence because he was not incarcerated solely on its detainer. Id. at.76. On appeal, the Commonwealth Court noted federal statute 18 U.S.C. § 3586 provides a defendant shall be given credit for any time spent in detention prior to sentencing;, so long as credit for the same period of confinement had not been given to any other sentence. The panel thus reasoned Baasit would be entitled to credit on his federal sentence for the time he spent in pre-sentence confinement, and furthermore, there was “no possibility” he would receive “double credit” for his presentence confinement. Baasit, 90 A.3d at 80, 83. The panel also emphasized the statement in Martin, which it characterized as a departure from'Gaito, that unique circumstances provide the Board discretion to grant credit “to ensure equitable treatment.” Id. at 81-82. The panel then stated the Board failed to adequately address Section 6138(a)(5.1), which the panel determined required confinement credit be allocated to Baasit’s original sentence. Id. at 83. Finally, the panel stated this conclusion was supported by the primary jurisdiction doctrine, which provides the sovereign which first arrested a defendant is afforded primary jurisdiction. Id. In the case sub judice, the panel below, similar to the Baasit court, extraced the statement in Martin that the Board may allocate time spent in custody on both a Board detainer and detainer for new charges “to ensure' équitable credit” without also acknowledging Martin’s extensive explanation that a strict application of Gai-to to the parolee in that case — whose new sentence was longer than his pre-sentence .confinement — would unfairly result in excess imprisonment. See Martin, 840 A.2d at 308-09. While Martin broadly interpreted the word “sentence” in footnote 6 of Gaito, neither Martin nor any other decision by this Court, contrary to the panel’s claim, imparted any indication Gaito’s general rule was to be relaxed or overruled. See id. at 305. Indeed, in our per curiam order in Melhorn, we expressly relied on Gaito to reverse the. Commonwealth Court’s attempt to extend Martin where the parolee’s pre-sentence confinement was shorter than, his new term of imprisonment. Melhorn, 908 A.2d 266. Although the Commonwealth Court discussed and applied these principles in Armbruster, the panel below overlooked that case. Additionally, although the panel below also emphasized Martin’s recognition that “[ujnique combinations of circumstances will be presented in different cases that tip the balance for or against the particular allocation of credit,” the panel did not aver any such unique circumstances exist in this case that warrant treatment different from that directed in Gaito. See Smith, 133 A.3d at 823 at n.6, quoting Baasit, 90 A.3d at 81-82 (quoting Martin, 840 A.2d at 308). Notwithstanding the panel’s alternate reading, Gaito remains the general law in this Commonwealth respecting how credit should be allocated for a convicted parole violator who receives a new sentence of incarceration, and the exception to Gaito, set forth at footnote 6 and further developed in Martin, is limited to cases in which a convicted parole violator receives a term of incarceration for new charges that is shorter than his pre-sentence confinement, such that application of the general Gaito rule would result in excess incarceration. We also reject the panel’s interpretation of Section 6138(a)(5.1) as requiring credit to b.e applied to a convicted parole violator’s original sentence. As stated above, Section 6138(a)(5.1),provides, “If the parolee is sentenced to serve a new term of total confinement by a Federal court or by a court of another jurisdiction because of a verdict or plea ... the parolee shall serve the balance of the original term. before serving the new term.” 61 . Pa.C.S. § 6138(a)(5.1). The plain language of this sub-section provides only that a convicted parole violator shall serve the balance of his original state sentence before serving a new sentence imposed by a federal court or court of other jurisdiction. The Board correctly points out the predecessor provision, Section 6138(a)(5) — which remains in effect for cases in which the new sentence is also a Commonwealth sentence — was not applied in Gaito or any of its progeny as pertinent to the question of how credit should be applied. In fact, the panel’s interpretation of Section 6138(a)(5.1) supplies additional language that is. simply not present in the provision, and interprets it as dictating how credit for detention should be allocated when a parolee receives multiple sentences.[17] This was error. See, e.g., Commonwealth v. Gehris, 618 Pa. 104, 54 A.3d 862, 864-65 (2012) (“[I]t is not for the courts to add, by interpretation, to a statute, a requirement which the legislature did not see fit to include.”); Commonwealth v. Shiffler, 583 Pa. 478, 879 A.2d 185, 189 (2005) (best indication of legislative intent is plain language-of statute). Accordingly, we agree with the Board that the Baasit court improperly interpreted Section 6138(a)(5.1), and hold Gaito and Martin remain the rule in this Commonwealth for how credit is" applied.[18] In other words, the Board may require a convicted parole violator to serve his original sentence first while at the same time denying allocation of "credit to "that sentence and still be in compliance with both Section 6138(a)(5.1) and Gaito. Finally, we disagree with the panel that the primary jurisdiction doctrine requires confinement credit be allocated to the sentence of the jurisdiction which first arrests a defendant. The panel again relied on Baasit for this conclusion. In Baasit, the Commonwealth Court adopted the parolee’s argument that “under the doctrine of primary jurisdiction, pre-sentence confinement credit must be applied to state parole back time rather than the new federal sentence because the state parole detainer pre-dated the federal charges,” without providing any supporting explanation. Baasit, 90 A.3d at 77-78. The court’s full discussion of the primary jurisdiction doctrine spanned two sentences: Our conclusion that credit here should be awarded according to new [61 Pa.C.S. § 6138(a)(5.1) is also supported by the primary jurisdiction doctrine. Under that doctrine the sovereign which first arrests a defendant is afforded primary jurisdiction. See Newsuan [,853 A.2d at 411.] Our conclusion is also consistent with the Supreme Court’s more flexible approach to credit, as set forth in Martin. Baasit, 90 A.3d at 83. In citing Newsuan for the general provisions of the primary jurisdiction doctrine, however, the Baasit panel overlooked Newsuan’s discussion of when the primary jurisdiction doctrine is properly invoked: The doctrine of primary jurisdiction is a means for resolving jurisdictional disputes between the sovereigns.... Thus, when a federal court and state court each have jurisdiction of a defendant, the doctrine of primary jurisdiction allows the tribunal which first obtained jurisdiction to hold it to the exclusion of the other until the first tribunal’s jurisdiction is exhausted. When a state has primary jurisdiction ... primary jurisdiction over a defendant ends and federal custody over him commences only when the state authorities relinquish him on satisfaction or ex-tinguishment of the state obligation. The federal sentence does not commence until the defendant is received into custody at the official detention facility at which the sentence is to be served. 18 U.S.C. § 3585(a); U.S. v. Pungitore, 910 F.2d 1084, 1118-19 (3d Cir. 1990), cert. denied, 500 U.S. 915, 111 S.Ct. 2009, 114 L.Ed.2d 98 (1991) (“a federal sentence does not begin to run until the defendant is delivered to the place where the sentence is to be served”). The doctrine of primary jurisdiction can be problematic when the defendant receives a state sentence that is to be served concurrently with an existing federal sentence. Newsuan, 853 A.2d at 411 (emphasis added) (some citations omitted). The doctrine of primary jurisdiction simply relates to the question of which sovereign exercises jurisdiction first over a defendant; it does not govern how credit should be allocated when two or more sovereigns impose sentences. See id. The concern in Newsuan is not implicated here. Appellee was not ordered to serve his original and federal sentences concurrently, and there was no dispute as to when the federal authorities would release appellee to serve his state sentence — the panel specifically noted appellee was transferred to SCI Rockview on September 10, 2014, to commence his back time on the original state sentence before being returned to federal authorities to serve his new federal sentence. Smith, 133 A.3d at 821. Therefore, the panel erred in invoking the primary jurisdiction doctrine to apply the sentencing credit to appellee’s original sentence.[19] Here, appellee was detained on both the Board’s and federal detainers — where he did not satisfy bail for the federal charges — for 209 days, and then received a new federal sentence of 246 months, or approximately 7,480 days. The federal sentence obviously is longer, and thus the general holding of Gaito applies to this case, not the exception that was set forth at footnote 6 .and expanded in Martin. Accordingly, we hold the panel erred in extending Martin to hold the Board had discretion to apply credit for the detention to appellee’s original sentence, and the panel’s decision in this regard contravened Gaito. We further hold the Board properly denied credit under Gaito, and thus reverse the decision of the Commonwealth Court and remand for a correct calculation of appellee’s maximum release date.[20] Order reversed. Case remanded for proceedings consistent with this opinion. Jurisdiction relinquished. Justices Baer, Donohue, Wecht and Mundy join the opinion. Chief Justice Saylor files a dissenting opinion. Justice Todd files a dissenting opinion. . 18 Pa.C.S. § 3701(a). . Appellee was indicted in the' United States . District. Court for the Eastern District of North Carolina under his alias, Rodger Kent Williams. The charges were: possession of a firearm by a.ponvicted felon, 18 U.S.C. § 922(g); use of a firearm during a crime of violence, 18 U.S.C. § 924(c)(1)(A); and interference with commerce by threat, violence or robbery, 18 U.S.C. § 1951. . Although the Board’s November 27, 2013 notice imposed six months’ imprisonment on appellee for a technical violation, it apparently did not include this six-month term in stating his maximum date was December 31, 2020. See Notice of Board Decision, 11/27/13, C.R. at 58. . The Board erroneously calculated the sum of 6 months and 48 months to be 56 months, instead of 54 months. Notice of Board Decision, 12/12/14, C.R. at 88. . Appellee did not, in this petition or either of his two subsequent petitions to the Board, suggest any particular number of days’ credit to which he was purportedly entitled, nor the maximum release date he should have been granted. . Neither the panel below nor the parties acknowledged the Board reparoled appellee on November 27, 2013, and thus, as of that date, he was detained only on the federal detainer. We calculate the actual time appel-lee was detained on both the Board and federal detainers as 209 days (May 2, 2013, when the federal authorities lodged its detainer, through November 27, 2013, when the Board reparoled appellee) rather than 397 days. We note this discrepancy does not affect our analysis or ultimate holding that the time appellee spent on both detainers must be credited to his federal sentence, as both terms—209 and 397 days—are shorter than appellee’s federal sentence of 246 months’ imprisonment. See Martin v. Pa. Bd. of Prob. & Parole, 576 Pa. 588, 840 A.2d 299, 309 (2003) (when offender is incarcerated both on Board detainer and for new charges and receives new sentence of imprisonment that is shorter than term of pre-sentence incarceration, credit shall apply to original sentence). .As discussed in more detail infra, this Court held in Gaito that if a parolee is detained both on a detainer by the Pennsylvania Board of Probation and Parole and for new charges for which he did not satisfy bail requirements, the time spent in custody is to be credited to the sentence imposed for the new charges, but if the parolee met bail requirements for the new charges and was thus detained solely on the Board's detainer, time in custody is to be credited against the original sentence. Gaito, 412 A.2d at 571. . In Newsuan, the Commonwealth Court noted that when a federal court and state court each have jurisdiction over a defendant, the doctrine of primary jurisdiction allows the tribunal which first obtained jurisdiction to hold him to the other’s exclusion until its jurisdiction is exhausted, e.g. by bail release, dismissal of charges, parole release, or expiration of sentence. Newsuan, 853 A.2d at 411. . Section 6138(a)(5.1) provides: “Ifthe parolee is sentenced to serve a new term of total confinement by a Federal court or by a court of another jurisdiction because of a verdict or plea ..., the parolee shall serve the balance of the original term before serving the new term.” 61 Pa.C.S. § 6138(a)(5.1). .In Armbruster, the convicted parole violator was denied pre-sentence credit for time he was confined on both new criminal charges and a Board detainer for violation of parole. Armbruster, 919 A.2d at 350. On appeal from the Board’s denial of credit toward the original sentence, the Commonwealth Court affirmed, holding Martin permitted credit for an original sentence only when the length of pre-sentence confinement exceeded the maximum term of a new sentence, such that if the credit were applied to the new sentence, the parolee would thus serve excess time. Id. at 355. . The panel did not address Armbruster, on which the Board had relied. The panel below also did not acknowledge appellee had advanced an additional argument, that Baasit also held a "double credit problem” — in which a parolee who receives credit toward his original sentence seeks the same credit against his new sentence — would not arise where the new sentence is a federal one because federal statute 18 U.S.C. § 3585(b) precludes credit for a federal sentence for any time already credited toward an original state sentence. See Baasit, 90 A.3d at 83, citing 18 U.S.C. § 3585(b)(1) (defendant shall be given sentencing credit for any time spent in official detention prior to date sentence commences, that has not been credited against another sentence). • It is clear, of course, that if .a parolee is not convicted, or if no new sentence is imposed for that conviction on the new charge, the pre-trial custody time must be applied to the parolee’s original sentence. . Judgé Smith-Ribner dissented, reasoning Martin should receive credit on his original sentence for the excess time spent in custody. Martin, 840 A.2d at 301. . Section 9760 provide^ credit shall be given against a sentence for all time a defendant spent in custody as result of criminal charges, 42 Pa.C.S. § 9760(1)—(4). . Citing McCoy v. Pa. Bd. of Prob. & Parole, 793 A.2d 1004 (Pa. Cmwlth. 2002) (denial of credit toward original sentence for convicted parole violator who received new sentence of fine only); Gallagher v. Pa. Bd. of Prob. & Parole, 804 A.2d 729 (Pa. Cmwlth. 2002) (denial of credit toward original sentence for convicted parole violator who received new sentence of probation); Smarr v. Pa. Bd. of Prob. & Parole, 748 A.2d 799 (Pa. Cmwlth. 2000) (denial of credit toward original sentence for convicted parole violator who received new sentence of probation). . In McCray, this Court held a challenge to the denial of credit on a sentence for new criminal offenses must be presented to the sentencing court or in an appeal to the Superior Court, and is not-to be resolved by the Board. McCray v. Pa. Dep’t of Corr., 582 Pa. 440, 872 A.2d 1127, 1133 (2005); see also Martin, 840 A.2d at 303 (emphasizing distinction between "sentence,” which is imposed by trial court following conviction in new criminal prosecution and "back time,” which is part of existing judicially-imposed sentence that Board directs parolee to complete following finding in civil administrative hearing he violated terms of parole). . The 2010 amendment also added the phrase "by a Pennsylvania court” to subsection (a)(5) as follows: "the service of the balance of the term originally imposed by' a Pennsylvania court shall precede 61 Pa.C.S. § 6138(a)(5), amended by Act 2010-95 (S.B. 1161), P.L. 931, § 20, approved Oct. 27, 2010. . Section 6138 includes two references, to credit: "Section 6138(a)(2), which provides a parolee recommitted by the Board shall not be given credit for the time spent at liberty on parole; and Section 6138(a)(2.1), which states the Board may, in its discretion, award credit for time spent at liberty on parole, barring express circumstances. 61 Pa.C.S. § 6138(a)(2), (2.1). Neither of these provisions pertains to credit for incarceration on a Board detainer. . We recognize the force of Chief Justice Saylor's position this Court should reconsider the appropriateness of per se rules as justice requires, see Dissenting Opinion, Saylor, C.J., op. at 772-73, citing Commonwealth v. Henderson, 616 Pa. 277, 47 A.3d 797, 803 (2012). However, appellee has not presented any argument, either below or before’ this Court, that he or any other defendant similarly situated would suffer any particular injustice if sentencing credit were applied to a federal sentence rather than an original state sentence. Instead, appellee advances a fiscal policy árgument — one that" he arguably does not have standing to raise in the first instance — based on the escalating financial burden on the Commonwealth due to rising state prison populations. Of course we are not unaware of these very real concerns, but we are equally cognizant that the General Assembly is in the superior position to consider these ramifications of the present legislative context. . As it is clear Baasit improperly interpreted Martin, Section 6138(a)(5.1), and the primary jurisdiction doctrine as eroding or eliminating the rule in Gaito, we now expressly disapprove of Baasit. We also reject appellee's "double credit” argument — that if he were to receive credit for the confinement period toward his original state sentence, there would be no risk he would receive the same credit for his federal sentence because 18 U.S.C. § 3585(b) would not allow such "double credit.” Although it is true the federal statute does not generally allow credit for federal pre-sentence confinement when the same time confinement has already been credited toward another sentence, see 18 USCS § 3585(b)(1)-(2) (defendant shall be given credit, toward term of imprisonment for any time he spent in official detention prior to date sentence commences, that has not been credited against another sentence), this circumstance does not warrant a different result here. The fact that appellee would be denied federal credit if he now received credit for his original state sentence is not in itself a persuasive basis for granting state credit. . See also n.4, n.6, supra.