IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kenya Diakee Woodson,      :
            Petitioner     :
                       :
     v.                 :  No. 741 C.D. 2018
                       :  SUBMITTED:  October 12, 2018
Pennsylvania Board of     :
Probation and Parole,      :
            Respondent   :

BEFORE:   HONORABLE ROBERT SIMPSON, Judge
              HONORABLE P. KEVIN BROBSON, Judge
              HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER               FILED:  November 9, 2018

Kenya Diakee Woodson (Petitioner) petitions for review from the Pennsylvania Board of Probation and Parole's (Board) May 2, 2018, ruling affirming its June 7, 2017, decision to recalculate Petitioner's maximum parole violation expiration date as July 20, 2018. As Petitioner's maximum date has already passed, we dismiss the Petition for Review as moot.

The relevant facts are as follows: Petitioner pled guilty in the Court of Common Pleas of Philadelphia County on June 12, 2014, to one count of Possession with Intent to Deliver, for which he received a sentence of 1½ to 3 years in state prison. Certified Record (C.R.) at 1. On October 21, 2015, the Board elected to parole Petitioner and he was released from prison on December 28, 2015.  At that point Petitioner's maximum parole violation date was June 22, 2017. *Id.* at 4-7.

On March 1, 2016, Petitioner was arrested in Harrisburg and charged with Possession with Intent to Deliver, Unlawful Possession of a Controlled Substance, and Criminal Use of a Communication Facility. *Id.* at 13. In response to this arrest, the

Board issued a detainer on April 4, 2016, and ordered Petitioner to be recommitted for six months as a technical parole violator for leaving Philadelphia without permission, in violation of the terms of his parole. *Id.* at 35-36. On January 24, 2017, Petitioner pled guilty in the Court of Common Pleas of Dauphin County to Possession with Intent to Deliver and Resisting Arrest, and was sentenced to an aggregate prison term of 2½ to 5 years, with 10 months and 27 days' worth of credit for time served. *Id.* at 37, 48, 51. On June 7, 2017, the Board ordered Petitioner to be recommitted as a convicted parole violator in order to serve the remainder of the unexpired term on his 2014 sentence, which at that point was 1 year, 5 months, and 25 days in length, and informed him that his new maximum date was July 20, 2018. *Id.* at 67.

On June 13, 2017, Petitioner mailed an Administrative Remedies Form to the Board, in which he claimed that the Board had not properly credited him for the time he had served pursuant to the Board's April 4, 2016, order as a technical parole violator, and had thus incorrectly calculated his maximum date in its June 7, 2017, order. *Id.* at 71-74. The Board responded on May 2, 2018, through a letter in which it affirmed its June 7, 2017, decision and stated, without elaboration, that "there is no indication that the Board failed to appropriately recalculate [Petitioner's] maximum date[.]" *Id.* at 75.

Nicholas E. Newfield, Esquire, was subsequently appointed to represent Petitioner and he filed a Petition for Review in our Court on June 1, 2018, followed by a Brief in support of this Petition for Review on August 22, 2018. Therein, Petitioner reiterated his argument that the Board had not given him appropriate credit for the six months he served as a technical parole violator and had consequently failed to correctly calculate his maximum date. Br. for Petitioner at 19-22.

The Board responded in opposition by filing its own Brief on September 13, 2018, in which it explained at length why it had not erred in determining that Petitioner's new maximum date was July 20, 2018. Br. for Respondent at 6-9.

2

Normally, we would embark upon a review of the relevant facts and law in order to determine whether Petitioner's claim is meritorious. However, such a review in this matter is ultimately not necessary since Petitioner's maximum date has already passed. As this Court has held, "the expiration of a parolee's maximum term renders an appeal of a Board revocation order moot. It is well settled that an appeal will be dismissed when the occurrence of an event renders it impossible for the court to grant the requested relief." *Taylor v. Pennsylvania Bd. of Prob. & Parole*, 746 A.2d 671, 674 (Pa. Cmwlth. 2000) (citations omitted). We will refuse to dismiss a moot appeal "only if the issues involved are capable of repetition yet likely to evade review and of important public interest, or where a party will suffer some detriment without [our] court's decision." *Id.*

Here, the maximum date on Petitioner's original 2014 sentence was July 20, 2018, and he has already completed the full term of that sentence at this point. Though the issue raised by Petitioner, relating to the Board's calculation of his maximum date, is capable of repetition by other petitioners in other matters, it is not an issue that is likely to escape review in the future, as shown through numerous other appeals from Board decisions which this Court has substantively addressed over the years. Nor will Petitioner suffer without our assistance because, as we have already noted, he has

finished serving the sentence that gave rise to the challenged maximum date. Therefore, we dismiss Petitioner's Petition for Review as moot.[1]

_____
ELLEN CEISLER, Judge

---

[1] Furthermore, we would have ruled against Petitioner on the merits. Petitioner was held after his March 1, 2016, arrest due to both the resulting, new criminal charges and the Board's detainer. *See* C.R. at 13, 35-36. Petitioner subsequently pled guilty on January 24, 2017, and properly received full credit towards his new sentence for the time period during which he was detained between arrest and sentencing. *See id.* at 37, 48, 51; *Gaito v. Pennsylvania Bd. of Prob. and Parole*, 412 A.2d 568, 571 (Pa. 1980) ("[I]f a defendant is being held in custody solely because of a detainer lodged by the Board and has otherwise met the requirements for bail on the new criminal charges, the time which he spent in custody shall be credited against his original sentence. If a defendant, however, remains incarcerated prior to trial because he has failed to satisfy bail requirements on the new criminal charges, then the time spent in custody shall be credited to his new sentence."). Therefore, the Board did not err in affirming its June 7, 2017, decision, or in its recalculation of Petitioner's maximum date, as there was no credit left from this pre-trial detainment period to apply towards his original sentence. *See Smith v. Pennsylvania Bd. of Prob. and Parole*, 171 A.3d 759, 768-69 (Pa. 2017) (when an individual is held in both pre-trial detainment on new charges and on the Board's detainer, credit for time served between arrest and conviction on the new charges should be applied, in part, to the original sentence only when the length of pre-trial detainment exceeds the sentence imposed on the new charges).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kenya Diakee Woodson, : 
    Petitioner : 
     : 
  v. : No. 741 C.D. 2018
     : 
Pennsylvania Board of : 
Probation and Parole, : 
    Respondent : 

## O R D E R

AND NOW, this 9th day of November, 2018, Petitioner Kenya Diakee Woodson's Petition for Review is hereby DISMISSED AS MOOT.

_____
ELLEN CEISLER, Judge