Jhamael Davante Gibson,                    :
                 Petitioner      :
                                 :
         v.                             :
                                 :
Pennsylvania Parole Board,            :   No. 1247 C.D. 2022
                 Respondent      :   Submitted: July 14, 2023

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
            HONORABLE CHRISTINE FIZZANO CANNON, Judge
            HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON            FILED: December 6, 2023

Jhamael Davante Gibson (Gibson) petitions for review of the October 26, 2022 decision of the Pennsylvania Parole Board (Board) denying his administrative challenge to the computation of his parole violation maximum date. Upon review, we affirm.

## I. Background

In February 2020, Gibson pleaded guilty to simple assault and to a drug-related offense. Certified Record (C.R.) at 4. Gibson received concurrent sentences resulting in a minimum date of July 12, 2020 and a maximum date of July 12, 2022. *Id.* at 4-5. The Board paroled Gibson on July 22, 2020, at which time 720 days remained on his sentence. *Id.* at 99.

In September 2021, the Board declared Gibson delinquent after he absconded from supervision. C.R. at 20 & 104. In October 2021, Gibson was arrested in York County for possessing marijuana, failing a field sobriety test and providing false identification to law enforcement (York County docket number CP-67-CR-0005768-2021 (first criminal case)). *Id.* at 33 & 35. He was taken to central booking and "processed" but was released before the Board learned of the arrest. *Id.* at 33. On November 17, 2021, Gibson was again arrested in York County, where he was charged with additional drug-related and other offenses (York County docket number CP-67-CR-0005824-2021 (second criminal case)). *Id.* at 62, 71 & 99. On the same date, the Pennsylvania Department of Corrections (Department) issued a warrant to commit and detain Gibson. *Id.* at 21 & 99. Gibson was detained solely pursuant to the Board's warrant from November 17, 2021 to November 30, 2021, when bail was set, but not posted, for the criminal charges identified in the second criminal case. *See id.* at 21, 71-72 & 99. On December 14, 2021, bail was set, but not posted, in connection with the first criminal case. *See id.* at 36.

On December 1, 2021, the Board issued a decision providing for Gibson's detainment pending disposition of criminal charges and for his recommitment as a technical parole violator for a period not to exceed six months. C.R. at 22. By decision dated January 18, 2022, the Board modified its December 2021 decision by providing for automatic reparole pending resolution of Gibson's criminal charges. C.R. at 28.

On March 10, 2022, the York County Court of Common Pleas sentenced Gibson to a three-day[1] minimum to six-month maximum term of

---

[1] Although, elsewhere, the record references a three- to six-month carceral term, *see* Certified Record (C.R.) at 30, the Board stated that Gibson was sentenced to a three-day minimum

confinement for the offense of driving under the influence and to six months' probation for the crime of presenting false identification to a law enforcement officer in the first criminal case. C.R. at 35 & 37-38.[2] Gibson was paroled from this new sentence the same day, although he remained in custody. *Id.* at 100. In April 2022, Gibson waived his right to counsel and to a parole revocation hearing. *Id.* at 32.

In April 2022, the Board issued a parole revocation hearing report awarding only partial credit for time spent at liberty on parole, as Gibson had absconded while under parole supervision and continued to demonstrate unresolved substance abuse issues.[3] In April 2022, the Board modified its December 2021 and January 2022 decisions by "deleting the reparole portion" and providing for Gibson's recommitment as both a technical parole violator and a convicted parole violator to serve six months' "backtime" concurrent with nine months' incarceration for the new criminal convictions, when available, pending release from the sentence imposed in the first criminal case. *Id.* at 60.

On May 24, 2022, Gibson was sentenced in York County to a three-year term of probation in the second criminal case.[4] C.R. at 73 & 100. Gibson waived his right to counsel and to a parole hearing. *Id.* at 64. In June 2022, the Board executed a parole revocation hearing report denying Gibson credit for time

---

to six-month maximum term of confinement for the offense of driving under the influence, *see id.* at 100.

[2] Various other charges were not prosecuted. *See* C.R. at 38.

[3] The Board granted Gibson credit for the period of July 22, 2020 (the date of parole) to January 20, 2021 (the date of Gibson's fourth positive test for drugs and alcohol while under supervision). *See* C.R. at 43-47.

[4] Several other charges were withdrawn. *See* C.R. at 73.

3

spent at liberty on parole due to his conviction of an offense that was the same or similar to a previous offense, his abscondence from parole supervision, and his continued substance abuse issues. *Id.* at 81 & 87. On June 15, 2022, the Board mailed an order to recommit stating a parole violation maximum date of February 1, 2024, based on a "custody for return" date[5] of May 24, 2022 and 618 days (1 year, 8 months and 10 days) of "backtime." *Id.* at 92 & 99. The Board awarded Gibson 102 days of "backtime" credit. *Id.* at 92. Gibson, through his attorney, submitted an administrative remedies form challenging the Board's calculation of his parole violation maximum date on the basis that he was denied "credit for all time served exclusively pursuant to the [B]oard's warrant or while incarcerated." *Id.* at 96.

By decision mailed October 26, 2022,[6] the Board denied Gibson's appeal, explaining as follows:

> Based on the above facts, Gibson is entitled to pre-sentence credit for 27 days from November 17, 2021 to December 14, 2021 as he was either held solely on the Department['s] detainer or because the new sentence resulting from the November 30, 2021 arrest[7] resulted in probation. He is not entitled to credit from December 14, 2021[,] because he did not post bail on the second arrest

---

[5] "The period for which the offender is required to serve shall be computed by the board and shall begin on the date that the parole violator is taken into custody to be returned to the institution as an offender." Section 6138(a)(4) of the Prisons and Parole Code (Parole Code), 61 Pa.C.S. § 6138(a)(4).

[6] In its October 2022 decision, the Board stated that Gibson's appeal was considered a petition for administrative review from the Board's decision mailed June 15, 2022. *See* C.R. at 99.

[7] We observe that the Board's reference to the November 30, 2021 arrest is apparently a typographical error, as Gibson was arrested on November 17, 2021, and bail was set on November 30, 2021. *See* C.R. at 71-72.

(which resulted in a new carceral term), and thus, he was not held solely on the Department['s] detainer following the second arraignment. *Gaito v. Pa. [Bd.] of Prob[.] [&] Parole*, 412 A.2d 568 (Pa. 1980); *see also Martin v. Pa. [Bd.] of Prob[.] [&] Parole*, 840 A.2d 299 (Pa. 2003). Considering that Gibson satisfied the new York County sentence on March 10, 2022, he is also entitled to credit for 75 days from that date to the May 24, 2022 sentencing date when he was sentenced to probation. Thus, Gibson was left with 720 - 27 - 75 = 618 days to serve on his original sentence based on the recommitment. Adding 618 days to the latter of the two sentencing dates, May 24, 2022, yields a recalculated maximum date of February 1, 2024. Thus, the Board properly recalculated Gibson's maximum date.

C.R. at 99-100.

## II. Issues

Before this Court,[8] Gibson argues that the Board erroneously computed his parole violation maximum date. *See* Gibson's Br. at 13. Gibson contends that the Board erred in awarding 102, rather than 188, days' "backtime" credit (a purported discrepancy of 86 days), as he received only a probationary sentence. *See id.* Gibson reasons as follows:

> The order to recommit[9] dated June 6, 2022 lists his original maximum date as July 12, 2022. His parole/reparole/delinquency/board warrant date is July 22,

[8] Our scope of review of a decision of the Board denying administrative relief is limited to determining whether necessary findings of fact are supported by substantial evidence, an error of law was committed or constitutional rights have been violated. *Fisher v. Pa. Bd. of Prob. & Parole*, 62 A.3d 1073, 1075 n.1 (Pa. Cmwlth. 2013).

[9] Gibson presumably refers to the parole revocation hearing report executed on June 6, 2022. *See* C.R. at 77-87.

5

2020.  A period of 720 days backtime [was] owed. Subtracting the 188 days [of] backtime credit results in [Gibson] owing 532 days.  Adding 532 days to the custody for return date of May 24, 2022 results in a recomputed maximum sentence date of November 7, 2023.

*Id.* Gibson further asserts that

[a]lthough the certified record indicates [that he] was arrested on November 17, 2021 . . . and did not post bail . . . , [his] return to a state correctional institution was December 1, 2021. . . .  Adding the 532 days owed to his ["]custody for return["] date of December 1, 2021[10] results in a recalculated maximum sentence of May 17, 2023.

*Id.* at 14.  Gibson, therefore, requests that this Court vacate and remand this matter to the Board to correctly compute his parole violation maximum date.  *Id.* at 14-15.

## III. Discussion

We initially observe that in addition to lacking specifics or meaningful explanation, Gibson also fails to provide any citation to supporting legal authority. Thus, Gibson's argument is waived.  *See* Pa.R.A.P. 2119(a) (stating that the argument section of the brief shall be divided into as many parts as there are questions to be argued, followed by such discussion and citation of authorities as are

---

[10] Though unclear from Gibson's appellate brief, to the extent Gibson's reference to December 1, 2021 constitutes a challenge to the Board's use of May 24, 2022 as his "custody for return" date, we note that any such argument is waived due to omission from the administrative remedies form.  *See* C.R. at 96; *see also* Section 703(a) of the Administrative Agency Law, 2 Pa.C.S. § 703(a) (providing that a party may not raise upon appeal any question not raised before the agency); Pa.R.A.P. 1551(a) (stating that, with certain exceptions not applicable here, no question shall be considered by the court which was not raised before the government unit).

deemed pertinent); *Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009) (stating, "where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived"). Regardless, we deem Gibson's assertions meritless for the following reasons.

"[W]hen a parolee: (1) is incarcerated on both new criminal charges and a detainer filed by the Board and (2) does not post bail for the new criminal charges, the time spent incarcerated shall be credited against the sentence for his new criminal charges." *Williams v. Pa. Bd. of Prob. & Parole*, 68 A.3d 386, 389-90 (Pa. Cmwlth. 2013) (citing *Gaito*, 412 A.2d at 571). However, "if a parolee is not convicted, or if no new sentence is imposed for that conviction on the new charge, the pre-trial custody time must be applied to the parolee's original sentence." *Gaito*, 412 A.2d at 571 n.6. Moreover, "[i]f a parolee is being held solely on the Board's detainer, the parolee is entitled to credit on an original sentence for time served while incarcerated awaiting resolution of new criminal charges." *Williams*, 68 A.3d at 390 (citing *Gaito*, 412 A.2d at 571).[11]

In *Smarr v. Pennsylvania Board of Probation & Parole*, 748 A.2d 799, 801 (Pa. Cmwlth. 2000), this Court held that the Board did not err in declining to grant a parole violator "backtime" credit for a period of detention both pursuant to a

---

[11] We observe that, here, the Department, rather than the Board, lodged the November 17, 2021 warrant to commit and detain. The handbook issued by the Board explains that "[a] [convicted parole violator] is a parolee who violates parole by committing a new crime while on parole OR while delinquent on parole. Individuals are detained in prison under a Department[-issued] . . . warrant until his/her new criminal charges have been settled—even if the person posts bail." UNDERSTAND THE PROCESS: YOUR PAROLE HANDBOOK, Pennsylvania Parole Board, February 2022, available at https://www.parole.pa.gov/Information/Documents/Publications/Final%20Parole%20Handbook.pdf (last visited Dec. 5, 2023).

Board warrant and pending the resolution of new criminal charges where the charges resulted in the imposition of a probationary term only, reasoning that "[a] 'sentence' is not limited to a period of incarceration" for purposes of *Gaito*, footnote 6. *Smarr*, 748 A.2d at 299 (citing *Gaito*, 412 A.2d at 571 n.6). However, in *Martin*, our Supreme Court disapproved of *Smarr*, clarifying that the term "sentence" as utilized in *Gaito*, footnote 6, does not include probationary terms:

> Our intent in articulating the footnote in *Gaito*[] was that, "if a parolee is not convicted, or if no new [period of *incarceration*] is imposed for that conviction on the new charge, the pre-trial custody time must be applied to the parolee's original sentence. . . . Our decision in the instant matter . . . provides for the allocation of all periods of confinement: (1) where confinement is the result of both a Board warrant and pending criminal charges; (2) where there is no period of *incarceration* imposed; (3) where the charges are *nolle prossed*; [or] (4) [] the parolee is acquitted. Accordingly, we hold that, where an offender is incarcerated on both a Board detainer and new criminal charges, all time spent in confinement must be credited to either the new sentence or the original sentence.

*Martin*, 840 A.2d at 305 & 309 (emphasis added) (citing *Gaito*, 412 A.2d at 571 n.6) (holding that "[c]redit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge *for which a prison sentence is imposed*") (emphasis added). The Court later expanded upon *Martin*, explaining that while "*Gaito* remains the general law in this Commonwealth respecting how credit should be allocated for a convicted parole violator who receives a new sentence of incarceration," "backtime" credit is nevertheless available when "a convicted parole violator receives a term of incarceration for new charges that is shorter than his pre-sentence confinement, such

8

that application of the general *Gaito* rule would result in excess incarceration." *Smith v. Pa. Bd. of Prob. & Parole*, 171 A.3d 759, 768-69 (Pa. 2017) (citing *Martin*).

Here, Gibson maintains that the Board erred in awarding 102, rather than 188, days' "backtime" credit (a discrepancy of 86 days), as he received only a probationary sentence. Gibson's Br. at 13. Although Gibson fails to explain the basis for this purported discrepancy, he presumably references the 86-day period spanning December 14, 2021 to March 10, 2022. *See* C.R. at 100. As noted above, on March 10, 2022, Gibson was sentenced to a three-day minimum to six-month maximum term of confinement for the crime of driving under the influence, and six months' probation for the offense of presenting false identification to a law enforcement officer. *See id.* at 35 & 37-38. Because Gibson received a carceral sentence, he was not entitled to "backtime" credit for the 86-day period of confinement.[12] *See Martin*, 840 A.2d at 308 (holding that the Board did not err in denying "backtime" credit to a convicted parole violator for time spent in detention pursuant to a Board warrant and pending disposition of criminal charges, where the parole violator was sentenced to time served and a probationary sentence); *Gaito*, 412 A.2d at 571 n.6. Moreover, Gibson was not due "backtime" credit under *Smith*, as the contested 86-day period of pre-sentence confinement does not exceed Gibson's maximum sentence of six months' incarceration. *See Smith*, 171 A.3d at 768-69; *see also Lockhart v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 1123 C.D.

---

[12] The disputed 86-day period was presumably credited against Gibson's subsequent carceral sentence of three days to six months resulting from the criminal charges in the first criminal case. *See* C.R. at 35 & 37-38; *see also Martin v. Pa. Bd. of Prob. & Parole*, 840 A.2d 299, 304 (Pa. 2003) (citing *Gaito*, 412 A.2d at 571 n.6) (explaining that "[i]n *Gaito* . . . , [the Pennsylvania Supreme Court] essentially construed [the] credit statute to mandate that an offender is to receive credit for all incarceration served before sentencing for which he is being detained in custody"). Gibson does not contend otherwise.

9

2018, filed Aug. 13, 2019), slip op. at 6[13] (citing *Martin*; *Smith*) (holding that the Board did not err in declining to accord a parole violator "backtime" credit for time spent in confinement under a Board detainer and pending disposition of criminal charges, where "the circumstances in [*Gaito*,] footnote 6 . . . [were] not present," and his period of pre-sentence confinement did not exceed the maximum prison sentence).  Thus, the Board did not err in denying Gibson 86 additional days of "backtime" credit for the period of December 14, 2021 to March 10, 2022.  *See Smith*, 171 A.3d at 768-69; *Martin*, 840 A.2d at 305 & 307-09; *Gaito*, 412 A.2d at 571 & 571 n.6.

## IV. Conclusion

For the foregoing reasons, we affirm.

_____
CHRISTINE FIZZANO CANNON, Judge

---

[13] Unreported memorandum opinions of this Court issued on or after January 15, 2008 may be cited for their persuasive value.  *See* Section 414(a) of this Court's Internal Operating Procedures 210 Pa. Code § 69.414(a).

10

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jhamael Davante Gibson,         :
        Petitioner      :
                      :
      v.              :
                      :
Pennsylvania Parole Board,     :   No. 1247 C.D. 2022
        Respondent    :

## O R D E R

AND NOW, this 6th day of December, 2023, the October 26, 2022 order of the Pennsylvania Parole Board is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge