Chester M. Kasianczuk,           :
               Petitioner      :
                         :
         v.              :
                         :
Pennsylvania Board of          :
Probation and Parole,          :   No. 1167 C.D. 2018
              Respondent  :   Submitted: January 18, 2019

BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
               HONORABLE ANNE E. COVEY, Judge
               HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                   FILED:  March 1, 2019

Chester M. Kasianczuk (Kasianczuk) petitions this Court for review of the Pennsylvania Board of Probation and Parole's (Board) July 27, 2018 order denying his request for administrative relief. Kasianczuk is represented in this matter by Centre County Public Defender David Crowley, Esquire (Counsel), who has filed an Application to Withdraw Appearance (Application) and submitted a no-merit letter in support thereof. After review, we grant Counsel's Application and affirm the Board's order.

Kasianczuk is an inmate at the State Correctional Institution (SCI) at Benner Township. On September 8, 2013, Kasianczuk was paroled from his 2-year 8-month to 6½-year sentence for arson and sale of firearms (Original Sentence). *See* Certified Record (C.R.) at 7. Kasianczuk's Original Sentence maximum release date was July 7, 2017. Thus, he had 1,398 days remaining on his Original Sentence. Kasianczuk agreed to conditions governing his parole, including: "If you violate a condition of your parole/reparole and, after the appropriate hearing(s), the Board decides that you are in violation of a condition of your parole/reparole you may be

recommitted to prison for such time as may be specified by the Board." C.R. at 8. Kasianczuk did not object to the above-quoted parole condition.

On October 2, 2014, the Board detained Kasianczuk for technical parole violations related to heroin use and sent him to SCI-Pittsburgh for detoxification. On October 7, 2014, Kasianczuk admitted his violation and waived his rights to a revocation hearing and counsel. *See* C.R. at 17-18. On October 24, 2014, the second panel member voted to accept Kasianczuk's hearing waiver and recommit Kasianczuk as a technical parole violator (TPV) to serve 6 months of backtime.[1] *See* C.R. at 22, 26. By decision recorded October 29, 2014 (mailed November 6, 2014), the Board formally recommitted Kasianczuk as a TPV to serve 6 months, stating that he would be automatically reparoled on April 2, 2015. On December 12, 2014, Kasianczuk was transferred to Lawrence County Prison to serve his backtime. Kasianczuk was reparoled on April 2, 2015, subject to similar conditions as before. C.R. at 33.

On September 17, 2015, the Board detained Kasianczuk for technical parole violations related to drug use and sent him to Beaver County Prison for detoxification. On September 18, 2015, Kasianczuk admitted his violations and waived his rights to a revocation hearing and counsel. *See* C.R. at 42. On October 6, 2015, the second panel member voted to accept Kasianczuk's hearing waiver and recommit Kasianczuk as a TPV to serve 6 months of backtime. *See* C.R. at 46, 50. By decision recorded October 7, 2015 (mailed November 13, 2015), the Board formally recommitted Kasianczuk as a TPV to serve 6 months at a community corrections center (CCC). Kasianczuk was automatically reparoled on December 1,

---

[1] Section 6113(b) of the Prisons and Parole Code states, in relevant part: "The [B]oard may make decisions on . . . revocation in panels of two persons. A panel shall consist of one [B]oard member and one hearing examiner or of two [B]oard members." 61 Pa.C.S. § 6113(b).

2015. At that time, Kasianczuk agreed to conditions governing his reparole, including:

> If you are arrested on new criminal charges, the Board has the authority to lodge a detainer against you which will prevent your release from custody, pending disposition of those charges, even though you may have posted bail or been released on your own recognizance from those charges.
>
> . . . .
>
> If you are convicted of a crime committed while on parole/reparole, the Board has the authority, after an appropriate hearing, to recommit you to serve the balance of the sentence or sentences which you were serving when paroled/reparoled, with no credit for time at liberty on parole.

C.R. at 60. Kasianczuk did not object to the above-quoted parole conditions.

On March 12, 2016, Kasianczuk was arrested and charged with numerous crimes including: 2 counts of aggravated assault, 2 counts of simple assault, 2 counts of recklessly endangering another person, 3 counts of criminal mischief, and 1 count each of eluding police officers, driving with a revoked/suspended license, exceeding the speed limit, careless driving, reckless driving, and possession of a controlled substance (New Charges). *See* C.R. at 80-81. Bail was set at $50,000.00. Because Kasianczuk did not post bail on the New Charges, he was detained at the Washington County Prison. *See* C.R. at 78.

On March 13, 2016, the Board lodged a detainer to commit and detain Kasianczuk. On May 19, 2016, the Board issued its formal decision to detain Kasianczuk pending disposition of the New Charges and, on December 3, 2016, the Board voted to continue to detain him pending disposition of the New Charges. *See*

3

C.R. at 83-85.  On January 9, 2017, Kasianczuk pleaded guilty to the New Charges,[2] and was sentenced to 2½ to 5 years of state incarceration, plus probation, fines and restitution.  *See* C.R. at 94-95.  On February 23, 2017, Kasianczuk waived his rights to a revocation hearing and counsel.

On March 16, 2017, the second panel member voted to accept Kasianczuk's hearing waiver, recommit Kasianczuk as a convicted parole violator (CPV), and deny him credit for time spent at liberty on parole.[3]  *See* C.R. at 110.  On March 16, 2017, Kasianczuk was placed at SCI-Benner Township.  By decision recorded May 5, 2017 (mailed May 12, 2017), the Board formally recommitted Kasianczuk as a CPV to serve his unexpired term of 3 years, 1 month and 15 days (*i.e.*, 1,141 days).  *See* C.R. at 124.  The Board recalculated Kasianczuk's Original Sentence maximum release date to April 30, 2020.  *See* C.R. at 124-126.

On May 22, 2017, Kasianczuk submitted an Administrative Remedies Form challenging the Board's May 5, 2017 decision (mailed May 12, 2017) formally recommitting him as a CPV, claiming that he was incarcerated for most of the three years he had remaining on his Original Sentence and "[a]ny time incarcerated should apply to [his] sentence."  C.R. at 128.  He further argued that he is "being sentence[d] [sic] double jeopardy[,]" because he is serving that time twice.  *See* C.R. at 128.  On July 27, 2018, the Board denied Kasianczuk's request for administrative relief. Kasianczuk, through Counsel, timely appealed to this Court.[4]

---

[2] Kasianczuk specifically pled guilty to 1 count of aggravated assault, eluding officers, 2 counts of reckless endangerment, driving with a revoked/suspended license and excessive speed charges.  *See* C.R. at 89, 94-95.  The remaining charges were either nolle prossed or dismissed.  *See* C.R. at 89, 94-95.

[3] The Board's stated reasons for denying credit for time spent at liberty on parole were: he had two previous parole failures, he was not amenable to parole supervision, he failed to comply with sanctions, he was convicted of new charges, and he is considered a threat to the community. *See* C.R. at 105-106, 110, 124.

[4] "Our scope of review of the Board's decision denying administrative relief is limited to determining whether necessary findings of fact are supported by substantial evidence, an error of

On November 13, 2018, Counsel filed the Application and a no-merit letter. On that same day, this Court ordered Counsel's Application to be considered along with the merits of Kasianczuk's appeal.

This Court has held that in order to withdraw, "counsel . . . must provide a 'no-merit' letter which details 'the nature and extent of [counsel's] review and list[s] each issue the petitioner wished to have raised, with counsel's explanation of why those issues are meritless.'" *Zerby v. Shanon*, 964 A.2d 956, 961 (Pa. Cmwlth. 2009) (quoting *Commonwealth v. Turner*, 544 A.2d 927, 928 (Pa. 1988)). "[C]ounsel must fully comply with the procedures outlined in *Turner* to ensure that each of the petitioner's claims has been considered and that counsel has [] substantive reason[s] for concluding that those claims are meritless." *Hont v. Pa. Bd. of Prob. & Parole*, 680 A.2d 47, 48 (Pa. Cmwlth. 1996). Counsel is also required to "notify the parolee of his request to withdraw, furnish the parolee with [] a copy of . . . [the] no-merit letter satisfying the requirements of *Turner*, and inform the parolee of his right to retain new counsel or submit a brief on his own behalf." *Reavis v. Pa. Bd. of Prob. & Parole*, 909 A.2d 28, 33 (Pa. Cmwlth. 2006). This Court must then "conduct its own independent review of the petition to withdraw and must concur in counsel's assessment before [it] may grant counsel leave to withdraw." *Hont*, 680 A.2d at 48.

In reviewing Counsel's no-merit letter herein, this Court notes that the letter contains the procedural history of Kasianczuk's case, as well as Counsel's review of the record and relevant statutes and case law. Counsel served Kasianczuk with a copy of the no-merit letter and his Application, and notified Kasianczuk that he may either obtain substitute counsel or file a brief on his own behalf.[5] Counsel represented therein that Kasianczuk's chief challenge is that the Board denied him

---

law was committed, or constitutional rights have been violated." *Fisher v. Pa. Bd. of Prob. & Parole*, 62 A.3d 1073, 1075 n.1 (Pa. Cmwlth. 2013).

[5] Kasianczuk did not obtain substitute counsel or file a brief.

5

credit for time that he was incarcerated at SCI-Pittsburgh, the Lawrence County Prison and the SCI-Green CCC, and when he was detained in Washington County Prison pending disposition of the New Charges. Counsel also explained that Kasianczuk "further believes that by not recognizing that he has this credit against his [O]riginal [S]entence[,] the Board [] violat[ed] his double jeopardy protections by making him serve this portion of [his] sentence again."[6] Counsel No-Merit Letter at 3.

In his no-merit letter to this Court, Counsel provides sufficient reasons why Kasianczuk's issues are without merit. Accordingly, this Court concludes that Counsel complied with *Turner's* technical requirements and will now independently review the merits of Kasianczuk's appeal to determine whether to grant or deny Counsel's Application. *See* Counsel No-Merit Letter at 3-4.

This Court recognizes that Section 6138(a)(4) of the Prisons and Parole Code (Parole Code) provides: "The period of time for which the parole violator is required to serve shall be computed from and begin on the date that the parole violator is taken into custody to be returned to the institution as a parole violator[,]" 61 Pa.C.S. § 6138(a)(4), and "[CPVs] must serve the backtime on their original state sentence before they can begin to serve time on their newly-imposed state sentence under Section 6138(a) of the [Parole] Code." *Wilson v. Pa. Bd. of Prob. & Parole*, 124 A.3d 767, 769 (Pa. Cmwlth. 2015).

However, "[t]he general rule governing the allocation of credit for time served awaiting disposition of new criminal charge was established by our Supreme Court in *Gaito v. Pennsylvania Board of Probation* [&] *Parole*, . . . 412 A.2d 568

---

[6] The Fifth Amendment to the United States Constitution states: "No person shall . . . be subject for the same offen[s]e to be twice put in jeopardy of life or limb[.]" U.S. Const. amend. V. "The double jeopardy protection of the Fifth Amendment has been made applicable to the [s]tates through the Due Process Clause of the Fourteenth Amendment." *Rivenbark v. Pa. Bd. of Prob. & Parole*, 501 A.2d 1110, 1112 n.3 (Pa. 1985).

6

([Pa.] 1980)."[7] *Armbruster v. Pa. Bd. of Prob. & Parole*, 919 A.2d 348, 352 (Pa. Cmwlth. 2007). Pursuant to *Gaito*, "this Court consistently held that once a parolee is sentenced on a new criminal offense, the period of time between arrest and sentencing, when bail is not satisfied [on the new criminal charge], must be applied toward the new sentence, and not to the original sentence."[8] *Armbruster*, 919 A.2d at 352. The Supreme Court recently ruled that "*Gaito* remains the general law in this Commonwealth respecting how credit should be allocated for a [CPV] who receives a new sentence of incarceration[.]"[9] *Smith v. Pa. Bd. of Prob. & Parole*, 171 A.3d 759, 768-69 (Pa. 2017). Accordingly, the Board does not have flexibility to determine the sentence to which credit should be applied.

---

[7] The Parole Code was consolidated and became effective on October 13, 2009. *Gaito* was based upon Section 21.1 of what was commonly known as the Parole Act, Act of August 6, 1941, P.L. 861, *as amended*, added by Section 5 of the Act of August 24, 1951, P.L. 1401, *formerly* 61 P.S. § 331.21a(a), repealed by the Act of August 11, 2009, P.L. 147. Section 21.1(a) of the Parole Act similarly stated:

> Any parolee under the jurisdiction of the [Board] released from any penal institution of the Commonwealth who, during the period of parole or while delinquent on parole, commits any crime punishable by imprisonment, for which . . . he pleads guilty . . . in a court of record, may, at the discretion of the [B]oard, be recommitted as a parole violator. If his recommitment is so ordered, he shall be reentered to serve the remainder of the term which said parolee would have been compelled to serve had he not been paroled, and he shall be given no credit for the time at liberty on parole . . . .

61 P.S. § 331.21a(a) (repealed).

[8] If the parolee met bail requirements for the new charges and was thus detained solely on the Board's detainer, time in custody is to be credited against the original sentence. *Smith v. Pa. Bd. of Prob. & Parole*, 133 A.3d 820 (Pa. Cmwlth. 2016) (*Smith I*), *rev'd on other grounds*, 171 A.3d 759 (Pa. 2017) (*Smith II*); *see also Gaito*.

[9] The sole exception to *Gaito's* general rule, set forth in *Martin v. Pennsylvania Board of Probation & Parole*, 840 A.2d 299 (Pa. 2003), allows pre-sentence credit to be applied to the original sentence "when [an] offender is incarcerated both on [a] Board detainer and for new charges and receives [a] new sentence of imprisonment that is shorter than [the] term of pre-sentence incarceration[.]" *Smith II*, 171 A.3d at 761 n.6.

7

Moreover,

> a parole violator's new maximum date is calculated from the date on which the Board obtained the second signature needed to recommit him as a CPV. *Wilson* (citing *Campbell v. Pa. Bd. of Prob. & Parole*, . . . 409 A.2d 980 ([Pa. Cmwlth.] 1980)). Here, the Board's hearing report indicates the hearing examiner obtained a second signature for [Kasianczuk's] recommitment on [March 16, 2017]. C.R. at [110]. As such, [Kasianczuk's] new maximum expiry must be calculated from that date. *Wilson*; *Campbell.*

*Palmer v. Pa. Bd. of Prob. & Parole*, 134 A.3d 160, 166 (Pa. Cmwlth. 2016).

Here, the Board's Order to Recommit reflects that Kasianczuk forfeited 557 days of his prior parole period. *See* C.R. at 126. The 557 days was the sum of the 389 days Kasianczuk was at liberty on parole from September 8, 2013 (when Kasianczuk was paroled from his Original Sentence) to October 2, 2014 (when the Board detained Kasianczuk for his first technical parole violations) and the 168 days Kasianczuk was at liberty on parole from April 2, 2015 (when Kasianczuk was reparoled from his first recommitment) to September 17, 2015 (when the Board detained Kasianczuk for his second technical parole violations). *See* C.R. at 126.

The Board's Order to Recommit does not reflect that Kasianczuk forfeited (and, thus, his Original Sentence was credited) the 6 months he was incarcerated at SCI-Pittsburgh, then Lawrence County Prison, between October 2, 2014 and his April 2, 2015 reparole, or the 2½ months he spent at Beaver County Prison, then SCI-Greene CCC, from September 17, 2015, until his reparole on December 1, 2015.

Relative to the time Kasianczuk was incarcerated in Washington County Prison, Kasianczuk pled guilty and was sentenced on the New Charges on January 9, 2017, and the Board recommitted him as a CPV on March 16, 2017. Thus, the time Kasianczuk spent incarcerated at Washington County Prison from January 9, 2017 to

8

March 16, 2017, must be credited to his new sentence. *Gaito*. The Board does not have flexibility to determine the sentence to which credit should be applied.

> In the no-merit letter, Counsel represented:
>
> When [Kasianczuk] was initially paroled on September 8, 2013[,] he owed the Board 1[,]398 days as the unserved balance of his [O]riginal [S]entence. That balance was reduced by the 6 months [(*i.e.*, 182 days)] he served on his first technical violation [between October 2, 2014 and April 2, 2015] and the 2½ months [(*i.e.*, 75 days)] he served on his second technical violation [between September 17, 2015 and December 1, 2015]. This reduced the unserved balance of his [O]riginal [S]entence to 1[,]141 days [(1,398-257=1,141]. If one adds 1[,]141 days to the date [Kasianczuk] was available to serve his recommitment [(March 16, 2017),] one arrives at the correct max[imum sentence release] date [(April 30, 2020)].

Counsel No-Merit Letter at 6. Counsel's legal analysis and his calculations are accurate, demonstrating that the Board properly credited Kasianczuk's Original Sentence.[10]

Based on the foregoing, this Court concludes that Counsel complied with *Turner's* technical requirements and confirms based upon an independent record review that Kasianczuk's appeal lacks merit. Based upon the foregoing, Counsel's Application is granted and the Board's order is affirmed.

_____
ANNE E. COVEY, Judge

---

[10] Having determined that the Board properly credited Kasianczuk's Original Sentence, his double jeopardy claims for not doing so are now moot.

9

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Chester M. Kasianczuk,          :
                Petitioner     :
                           :
            v.               :
                           :
Pennsylvania Board of        :
Probation and Parole,        :   No. 1167 C.D. 2018
                Respondent   :

## O R D E R

AND NOW, this 1st day of March, 2019, Centre County Public Defender David Crowley, Esquire's Application to Withdraw Appearance is GRANTED, and the Pennsylvania Board of Probation and Parole's July 27, 2018 order is AFFIRMED.

_____

ANNE E. COVEY, Judge