J-S19037-22, J-S19038-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                                     : PENNSYLVANIA
                                                     :

           v.                                                  :
                                                     :

ERIC MARCED                                    :
                                                   :

          Appellant                        : No. 1542 EDA 2021

Appeal from the PCRA Order Entered August 26, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0608741-2004,
MC-51-CR-0916781-2003

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                                     : PENNSYLVANIA
                                                     :

           v.                                                  :
                                                     :

ERIC MARCED                                    :
                                                   :

          Appellant                        : No. 1543 EDA 2021

Appeal from the PCRA Order Entered August 26, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0608751-2004,
MC-51-CR-0916791-2003

BEFORE: PANELLA, P.J., OLSON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                 **FILED JULY 14, 2022**

Appellant Eric Marced appeals the order entered on August 26, 2019 by

the Court of Common Pleas of Philadelphia County, denying in part his petition

pursuant to the Post-Conviction Relief Act (PCRA).[1] The PCRA court issued a

_____

[*] Former Justice specially assigned to the Superior Court.
[1] 42 Pa.C.S.A. §§ 9541-9546.

previous order on July 29, 2019 granting the petition in part to award Appellant credit for time served. After careful review, we affirm.

Appellant was originally charged on two dockets with multiple offenses. On January 21, 2005, after a bench trial, the trial court convicted Appellant of two counts of aggravated assault, two counts of simple assault, and one count of recklessly endangering another person (REAP) at docket CP-51-CR-0608741-2004. On the same date, the trial court convicted Appellant of burglary, aggravated assault, criminal mischief, criminal trespass, simple assault, REAP, and conspiracy at docket CP-51-CR-0608751-2004.

At the sentencing hearing held on March 15, 2005, the trial court sentenced Appellant at docket 608741-2004 to five to ten years' imprisonment for one count of aggravated assault to be followed by ten years' probation for the second count of aggravated assault (F1). At docket 608751-2004, the trial court sentenced Appellant to two and a half to five years' imprisonment for burglary to be followed by ten years' probation for aggravated assault (F2). No further penalties were imposed on the remaining charges.

As the sentences on the two dockets were set to run concurrently, Appellant received an aggregate sentence of five to ten years' imprisonment to be followed by ten years of probation.

After Appellant was released from prison and began his probation, Appellant was arrested and charged in three new cases. On the first docket, Appellant was convicted of violations of the Uniform Firearms Act (VUFA) and resisting arrest. Notes of Testimony (N.T.), 4/21/16, 2-5. On the second

docket, Appellant was charged with aggravated assault with a firearm and was awaiting trial. N.T. at 3-5. On the third docket, Appellant pled guilty to REAP for stabbing another individual while in prison. N.T. at 3.

On April 21, 2016, after a violation of probation (VOP) hearing, the lower court found Appellant to be in violation of his probation and sentenced Appellant to ten to twenty years' imprisonment for the aggravated assault charge (F1) on docket 608741-2004 as well as five to ten years' imprisonment for the aggravated assault charge (F2) on docket 608751-2004. As these sentences were set to run consecutively, Appellant received an aggregate VOP sentence of fifteen to thirty years' confinement.

On February 6, 2017, Appellant filed a *pro se* PCRA petition. The PCRA court appointed counsel, who filed an amended petition on Appellant's behalf, claiming, *inter alia,* that the trial court erred in failing to award Appellant credit for time served.

On July 29, 2019, the PCRA court issued notice of its intent to dismiss Appellant's petition in part without a hearing pursuant to Pa.R.Crim.P. 907. However, on the same day, the PCRA court entered an order stating that Appellant's petition was granted in part to award Appellant credit for time served during the period of August 9, 2011 to February 17, 2013. The order also stated that "[t]his time-credit is to be given regardless if it has already been applied to another case." Order, 7/29/19, at 1.

On August 21, 2019, Appellant filed a response to the PCRA court's Rule 907 notice. On August 26, 2019, the PCRA court entered an order denying

Appellant's petition. The order did not reference the PCRA court's prior order indicating that it had granted Appellant's petition in part to award him credit for time served. Appellant did not file a direct appeal.

On January 23, 2020, Appellant filed a second *pro se* PCRA petition and again was appointed counsel. On May 3, 2021, Appellant filed an amended PCRA petition alleging that he never received the 2019 formal dismissal of his first PCRA petition. The Commonwealth did not oppose the reinstatement of Appellant's right to appeal the denial of his first PCRA petition.

On June 28, 2021, the PCRA court granted Appellant's petition and reinstated his collateral appeal rights *nunc pro tunc*. On July 19, 2021, Appellant filed two separate notices of appeal.

The PCRA court issued an order on July 29, 2021 directing Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The docket shows that on August 4, 2021, Appellant submitted a *pro se* filing inquiring whether an appeal had been filed on his behalf. The PCRA court issued a second order on September 13, 2021, directing counsel to file a concise statement pursuant to Rule 1925(b) within twenty-one days of its order. On October 8, 2021, counsel filed a late concise statement on Appellant's behalf.

In its Rule 1925(a) opinion, the PCRA court indicated that it had accepted Appellant's late concise statement *nunc pro tunc*. This Court has found that "where the trial court addresses the issues raised in an untimely Rule 1925(b) statement, we need not remand but may address the issues on

their merits." ***Commonwealth v. Brown***, 145 A.3d 184, 186 (Pa.Super. 2016). ***See also Commonwealth v. Burton***, 973 A.2d 428, 433 (Pa.Super. 2009) (*en banc*) (stating that "if there is an untimely filing [of a 1925(b) statement], this Court may decide the appeal on the merits if the trial court had adequate opportunity to prepare an opinion addressing the issues being raised on appeal").

Appellant raises the following issues for our review on appeal:

1. Was the overyly [sic] harsh consecutive sentnece [sic] of 15 to 30 years incarceration a *de facto* life sentence mposed [sic] by the court following a violation of probation hearing without sufficient reasoning on the record as required by 42 Pa.C.S. § 9721(b)?

2. Did the court impose an illegal sentence when it sentenced Appellant to the maximum 10 to 20 year sentence for aggravated assault (F1) and a 2 ½ to 5 year sentence on burglary (F2) without taking into the time [sic] Appellant had served on the originally imposed sentence as dictated by 42 Pa.C.S.A. § 9721(B)(1)?

Appellant's Brief, at 4.[2]

In his first issue, Appellant challenges the trial court's decision to impose sentences which Appellant characterizes as overly harsh without properly setting forth adequate reasoning on the record. This argument is a challenge to the discretionary aspects of Appellant's sentence. ***See Commonwealth v. Robinson***, 931 A.2d 15, 21 (Pa.Super. 2007) (*en banc*) (finding claim that trial court imposed a harsh and unreasonable sentence implicates the

---

[2] As Appellant submitted identical briefs in both appeals, we will review the appeals together.

discretionary aspects of sentence); *Commonwealth v. McAfee*, 849 A.2d 270, 274-75 (Pa.Super. 2004) (finding claim that trial court failed to state its reason for sentencing in open court is a challenge to the discretionary aspects of sentence).

It is well-established that challenges to the discretionary aspects sentence are not cognizable under the PCRA. *Commonwealth v. Torres*, 223 A.3d 715, 716 (Pa.Super. 2019); *Commonwealth v. Fowler*, 930 A.2d 586, 593 (Pa.Super. 2007) (citing 42 Pa.C.S.A. § 9543(a)(2)(vii)). As such, we decline to review the merits of Appellant's challenge to the discretionary aspects of his sentence.

In his second issue, Appellant claims the trial court erred in failing to award him credit for time he served in custody on his original sentence. We recognize that "[a] challenge to the trial court's failure to award credit for time spent in custody prior to sentencing involves the legality of sentence and is cognizable under the PCRA." *Fowler*, 930 A.2d at 595.

The Sentencing Code provides, in relevant part, as follows regarding credit for time served:

> **§ 9760. Credit for time served**
>
> ...
>
> (1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

- 6 -

42 Pa.C.S.A. § 9760(1).

Appellant cites to this Court's decision in **Commonwealth v. Williams**, 662 A.2d 658 (Pa.Super. 1995). In that case, Williams pled guilty to attempted theft by unlawful taking and the trial court sentenced him to eleven and half to twenty-three months' incarceration to be followed by three years' probation. After Williams served the incarceration portion of his sentence, his probation was subsequently revoked, and the trial court imposed a revocation sentence of three and a half to seven years' incarceration, which was the maximum sentence allowable for Williams' plea to theft by unlawful taking as a third-degree felony. This Court found that the time Williams spent in prison prior to the probationary tail of his sentence had to be credited to his revocation sentence because his total confinement would exceed the statutory maximum sentence.

In this case, the revocation court sentenced Appellant to the statutory maximum sentences for each count of aggravated assault. As noted above, the revocation court sentenced Appellant to ten to twenty years' imprisonment for the aggravated assault charge (F1) on docket 608741-2004 as well as five to ten years' imprisonment for the aggravated assault charge (F2) on docket 608751-2004. **See** 18 Pa.C.S.A. § 1103 (setting forth a twenty–year maximum sentence for felonies of the first degree, a ten–year maximum sentence for felonies of the second degree, and a seven-year maximum sentence for felonies of the third degree).

However, this case is distinguishable from **Williams** as Appellant did not previously serve any time in prison for the offenses in which the revocation sentences were imposed, but instead received probationary sentences. At the original sentencing on March 15, 2005, the trial court docket 608741-2004, Appellant received a sentence of five to ten years' imprisonment for one count of aggravated assault and ten years' probation for the second count of aggravated assault (F1). At docket 608751-2004, Appellant received a sentence of two and a half to five years' imprisonment for burglary and ten years' probation for aggravated assault (F2).

A trial court is not required to award a defendant credit for the amount of probationary time that the person is given in the original sentence in evaluating the legality of the subsequent sentence upon violation of probation. Section 9771(b) provides that when a defendant is found in violation of his probation, "[u]pon revocation the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation." 42 Pa.C.S.A. § 9771(b).

This Court has held that "the sentencing court at the time of re-sentencing [upon a violation of probation] must give "due consideration" to the time the defendant spent serving probation, but need not credit the defendant with any time spent on probation." **Commonwealth v. Crump**, 995 A.2d 1280, 1284 (Pa.Super. 2010) (determining that the defendant's

"original probationary sentence ha[d] no effect on determining the legality of his subsequent revocation sentence").

To the extent that Appellant claims that the revocation court failed to award him credit for time served in prison while on the probation violation detainer, he is not entitled to relief. We acknowledge that this Court also held in **Williams** that Section 9760 also applies to the time a defendant spent in custody on a probation violation detainer. **See Williams**, 662 A.2d at 659.

Our Supreme Court has set forth a procedure to determine the award of credit for time served when a defendant has been detained both for a parole or probation violation and prior to trial on new criminal charges.

> [I]f a defendant is being held in custody solely because of a detainer lodged by the [Pennsylvania Board of Probation and Parole] and has otherwise met the requirements for bail on the new criminal charges, the time which he spent in custody shall be credited against his original sentence. If a defendant, however, remains incarcerated prior to trial because he has failed to satisfy bail requirements on the new criminal charges, then the time spent in custody shall be credited to his new sentence.

**Smith v. Pennsylvania Bd. Of Probation and Parole**, 171 A.3d 759, 764-65 (Pa. 2017) (quoting and reaffirming **Gaito v. Pennsylvania Bd. of Probation and Parole**, 412 A.2d 568, 571 (Pa. 1980)). We note that the **Gaito** Court further recognized that "if a [defendant] is not convicted, or if no new sentence is imposed for that conviction on the new charge, the pre-trial custody time must be applied to the [defendant's] original sentence." **Id.** at 571 n.6.

In this case, Appellant has been in custody since August 5, 2011 and was sentenced on April 21, 2016 for the revocation of his probation. The Commonwealth presented the PCRA court with Appellant's sentence status summary prepared by the Department of Corrections (DOC) that delineated several time periods for which Appellant was awarded credit for time served across several dockets upon which he was convicted of multiple crimes.

The Commonwealth argued that the DOC form shows that Appellant has already been awarded credit for time served on the probation detainer on docket 608741-2004 for the period between August 8, 2011 to February 17, 2013. As noted above, the PCRA court also issued an order granting Appellant's petition in part after acknowledging that Appellant was entitled to credit for time served for the period of August 8, 2011 to February 17, 2013.

As for the remaining time that Appellant spent in prison prior to the revocation of his probation, the Commonwealth contends that this time period of incarceration was attributable to his sentences on new criminal charges. This contention is supported by the DOC sentence status summary form. Appellant does not offer any argument to challenge the calculations.

Accordingly, we conclude that the PCRA court did not err in finding Appellant has now received proper credit for time served in accord with all applicable law.

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 7/14/2022*