IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Taj Triggs,                                  :
                      Petitioner             :
                                             :
             v.                              :    No. 218 C.D. 2022
                                             :    Submitted: November 23, 2022
Pennsylvania Parole Board,                   :
                      Respondent             :

BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE DUMAS                                    FILED: February 17, 2023

        Taj Triggs (Triggs) petitions for review of a decision of the
Pennsylvania Parole Board (Board), mailed March 4, 2022, denying his request for
administrative relief.  Additionally, Kent D. Watkins, Esq. (Counsel), Triggs' court-
appointed counsel, has filed an application to withdraw[1] asserting the appeal lacks
merit.  We grant Counsel's application to withdraw and affirm the Board's order.

## I. BACKGROUND

        On September 15, 2010, the trial court sentenced Triggs to 7 to 14 years
of incarceration for robbery with threat of serious bodily injury.[2]  At the time, the
controlling minimum date was November 5, 2016, and the maximum date was
November 5, 2023.  *See* Sent. Status Summary, 10/7/10, at 1.  On July 3, 2017,
Triggs was paroled.  *See* Order to Release, 4/12/17, at 1.

---

[1] *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550
A.2d 213 (Pa. Super. 1988) (*en banc*).
[2] 18 Pa. C.S. § 3701(a)(1)(ii).

Following alleged technical violations, Triggs was taken into custody on August 21, 2017. *See* Supervision History at 1-2. Triggs successfully completed a program and was released September 21, 2017. *See id.* Triggs was again detained on a Board detainer from August 14, 2018, until October 11, 2018. Over the next several months, Triggs incurred new criminal charges at several criminal dockets. The new charges led to his arrest and detention as outlined below.[3]

On May 3, 2018, Delaware County authorities arrested Triggs for driving under the influence (DUI) at Docket No. CP-23-CR-4124-2019. Triggs posted bail and was released on November 16, 2018. On December 12, 2018, Triggs absconded and was declared delinquent. *See* Admin. Action, 12/13/18. On February 21, 2019, Triggs was arrested on the Board's detainer. Triggs was also arrested, at Docket No. CP-23-CR-3217-2019, on charges relating to drug possession. He did not post bail. On May 28, 2019, Triggs was arraigned at Docket No. CP-23-CR-4193-2019 on firearms charges. Again, Triggs did not post bail.

Triggs was sentenced on his new charges as follows. On April 5, 2021, at Docket No. 4124-2019, Triggs was convicted and sentenced to 72 hours to 6 months of incarceration for 1 charge of DUI, tier three.[4] *See* Sentencing Order, 4/5/21, at 1. He received credit for time served between February 19, 2020, and February 21, 2020. *Id.* On May 21, 2021, at Docket No. 3127-2019, Triggs was convicted of possession of a controlled substance and possession of drug paraphernalia and received a sentence of one year of probation consecutive to his

---

[3] During this period, the Board found probable cause was established as to multiple technical violations of Triggs' parole but did not proceed with a revocation hearing. *See* Admin. Action, 8/31/18. Thereafter, the Board recommitted Triggs as a technical parole violator and ordered him detained pending disposition of his outstanding criminal charges. *See* Not. of Bd. Decision, 3/18/19, at 1.

[4] 75 Pa. C.S. § 3802(c).

other charges.[5]  *See* Not. of Charges and Hr'g, 8/16/21, at 1.  That same day, at Docket No. 4193-2019, he was convicted of possession of a firearm prohibited[6] and sentenced to two and one-half to five years of incarceration.  *See id.*

The Board issued notice of the convictions and informed Triggs of his rights to a hearing and counsel.  *See* Not. of Charges and Hr'g, 8/16/21, at 1.  Triggs waived those rights and admitted to the violations of parole.  *See* Waiver of Violation Hr'g & Counsel/Admission Form, 8/16/21, at 1.  Thereafter, the Board recommitted Triggs as a convicted parole violator (CPV).  Based on the above, the Board awarded Triggs 185 days of credit toward his original sentence and calculated his new maximum date to be August 3, 2027.  *See* Order to Recommit, 10/20/21, at 1.

Triggs *pro se* and timely sought administrative relief and the appointment of counsel.  Admin. Remedies Form, 11/10/21.  On November 19, 2021, Counsel entered his appearance.  Ultimately, the Board affirmed Triggs' recommitment and recalculation of his maximum date.  *See* Bd.'s Response, 3/4/22.  With the benefit of Counsel, Triggs timely appealed to this Court, and on May 31, 2022, Counsel filed a *Turner/Finley* letter and application to withdraw as counsel.

## II. *TURNER/FINLEY* REQUIREMENTS

We first determine whether Counsel's application to withdraw complies with the *Turner/Finley* requirements.  A *Turner/Finley* letter must detail "the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw."  *Zerby v. Shanon*, 964 A.2d 956, 960 (Pa. Cmwlth. 2009) (citation omitted).  Further, counsel must "also send to the

_____

[5] 18 Pa. C.S. § 6105; Section 13(a)(16), (32) of The Controlled Substance, Drug, Device and Cosmetic Act, Act of April 4, 1972, P.L. 223, *as amended*, 35 P.S. § 780-113(a)(16), (32)

[6] 18 Pa. C.S. § 6105(a)(1).

petitioner: (1) a copy of the 'no-merit' letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel." *Id.* (citation omitted). If counsel satisfies these technical requirements, we must then conduct our own review of the merits of the case. *Id.* If we agree that the claims are without merit, we will permit counsel to withdraw and deny relief. *Id.*

Upon review, we conclude Counsel has satisfied the technical requirements of *Turner/Finley*. Counsel discussed the nature of his review, identified the issues raised on appeal, and explained why those issues lack merit. Counsel's Br. at 4-10. Counsel sent a copy of the brief and application to withdraw to Triggs and advised him of his right to proceed *pro se* or with new counsel. *See* Counsel's Br. at 10-11; Appl. to Withdraw as Counsel, 5/31/22, at 1-3; Am. Certificate of Service, 6/1/22. Triggs has not retained new counsel, nor has he filed a *pro se* response. Accordingly, we review the merits of Triggs' appeal.

### III. ISSUES

Counsel has identified a number of issues raised in Triggs' *pro se* appeal and which the Board addressed in its opinion. First, Triggs contends that the Board committed an error of law by altering a judicially imposed sentence, which he contends it does not have the authority to change. Counsel's Br. at 7. In this argument, he also contends that the recalculation amounted to a violation of the double jeopardy clause. *See* Admin. Remedies Form at 1-2 (unpaginated) (citing U.S. Const. amend. V; Pa. Const. art. I, § 10). Second, Triggs contends that the Board abused its discretion by failing to grant him credit for time spent in good standing at liberty on parole. *See* Counsel's Br. at 8. Finally, Triggs contends that due to these errors, as well as the failure to award him credit for time spent in county

4

prison, the recalculation of his maximum sentence date was also incorrect. *See id.* at 10-11.

## IV. DISCUSSION[7]

### A. Maximum Sentence Date

First, Triggs contends that the Board altered a judicially imposed sentence in contravention of the law, specifically by "extend[ing]" his "maximum date."[8] *See* Counsel's Br. at 7; Admin. Remedies Form at 3-4. This claim lacks merit.

Section 6138(a)(1) of the Prisons and Parole Code (Parole Code)[9] grants the Board the authority to recommit parolees who commit and are convicted of crimes punishable by imprisonment while on parole. *See* 61 Pa. C.S. § 6138(a)(1). If recommitment is ordered, the parolee must serve the remainder of the original term as if parole had not been granted. *See* 61 Pa. C.S. § 6138(a)(2).

The Board's recalculation of a CPV's maximum sentence is not a modification of the sentence itself, but rather, a requirement that he serve his entire original sentence. *See Young v. v. Bd. of Prob. & Parole*, 409 A.2d 843, 901 (Pa. 1979). Pennsylvania courts have also rejected the argument that the denial of street

---

[7] Our standard of review is limited to determining whether the Board committed an error of law, whether its findings are supported by substantial evidence, and whether its decision violated constitutional rights. *Fisher v. Pa. Bd. of Prob. & Parole*, 62 A.3d 1073, 1075 n.1 (Pa. Cmwlth. 2013); *see also* Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704. The Board did not file a brief.

[8] In his Administrative Remedies Form, Triggs also contended that his new calculated maximum release date of August 3, 2027, was beyond the range allowed by statute. *See* Admin. Remedies Form at 3-4 (citing 37 Pa. Code § 75.4). However, the section of the Pennsylvania Code cited by Triggs discusses presumptive ranges for recommitment following technical parole violations, which is inapposite. In the instant case, the pertinent issue is the manner in which the Board granted or did not grant Triggs credit for street time following three sets of new criminal charges and after his recommitment as a CPV.

[9] 61 Pa. C.S. §§ 101-7301.

5

time constitutes a sentence enhancement or violation of double jeopardy. *See id.* at 847 n.8. Rather, in recalculating the maximum sentence date, the Board withdraws from a CPV credit for the time he was at liberty on parole. *See id.* at 846 n.5 (citation omitted). Accordingly, Triggs' claim that the Board erred by altering a judicially imposed sentence lacks merit. *Zerby*, 964 A.2d at 960.

## B. Time Credit[10]

Second, Triggs contends that the Board erred by failing to credit him for time spent in good standing at liberty on parole. *See* Counsel's Br. at 8; *see also* Bd.'s Response at 1-2. He contends that this time should have counted towards the recalculation of his maximum sentence. *See id.*

In its discretion, the Board *may* award credit to a CPV for time spent at liberty on parole, unless the crime is a crime of violence or a specifically enumerated crime relating to registration of sex offenders. *See Pittman v. Pa. Bd. of Prob. & Parole*, 159 A.3d 466, 473 (Pa. 2017) (emphasis added); 61 Pa. C.S. § 6138(a)(2.1)(i)-(ii). "The Board must articulate the basis for its decision to grant or deny a CPV credit for time served at liberty on parole." *Pittman*, 159 A.3d at 474.

In Triggs' case, the Board denied Triggs credit because he had absconded while under supervision and because his new conviction involved possession of a weapon and charges that were "serious and assaultive." *See* Bd.'s Response at 1-2; *see* Revocation Hr'g Report, 8/23/21, at 1-2; *see* Not. of Bd. Decision, 10/20/21. Here, the Board had the statutory authority to exercise its

---

[10] Both the Board and Counsel characterize Triggs' second issue as a challenge to the Board's failure to give him credit for time spent in good standing at liberty on parole. *See* Counsel's Br. at 8; *see also* Bd.'s Response at 1-2. Thus, we address the issue here. However, Triggs' administrative remedies form states that "from February 21, 2019 until now I have been incarcerated so I had no time at liberty to be taken." *See* Admin. Remedies Form at 1. Rather than challenging credit for time spent at liberty on parole, Triggs claimed he should have been given credit for "26 months" spent in a county prison. *See id.* We therefore address that issue, *infra*.

6

discretion and deny Triggs credit for time served at liberty on parole and articulated its reason for that denial. *See Pittman*, 159 A.3d at 473-74; 61 Pa. C.S. § 6138(a)(2.1). Accordingly, Triggs' claim that the Board erred in denying him credit for time spent at liberty on parole is without merit. *Zerby*, 964 A.2d at 960.

### C. Recalculation of Maximum Date - Generally

Finally, Triggs takes issue, generally, with the calculation of his maximum release date and the credit for time served. *See* Counsel's Br. at 8; Bd.'s Response at 1-2. He argues that the recalculated date was beyond his maximum sentence and contends that 26 months of time spent in county prison should have been applied to his original sentence. *See* Counsel's Br. at 7-10; *see* Admin. Remedies Form at 3-4. This claim is without merit.

We note four principles relevant to the disposition of this issue. First, "if a defendant is being held in custody solely because of a detainer lodged by the Board and has otherwise met the requirements for bail on the new criminal charges, the time which he spent in custody shall be credited against his original sentence." *Gaito v. Pa. Bd. of Prob. & Parole*, 412 A.2d 568, 571 (Pa. 1980). Second, if a sentence of probation is imposed on a parolee's new charges, the pre-trial custody time must be applied to the parolee's original sentence. *See Martin v. Pa. Bd. of Prob. & Parole*, 840 A.2d 299, 305 (Pa. 2003). Third, where a parolee is held on new criminal charges *and* the Board's detainer, the time credit cannot be applied to the original sentence, unless the length of the confinement exceeds the sentence imposed for the new crimes. *See Smith v. Pa. Bd. of Prob. & Parole*, 171 A.3d 759, 765, 770-71 (Pa. 2017). Finally, "once a parolee is sentenced on a new criminal offense, the period of time between arrest and sentencing, when bail is not satisfied,

must be applied toward the new sentence, and not to the original sentence." *Armbruster v. Pa. Bd. of Prob. & Parole*, 919 A.2d 348, 352 (Pa. Cmwlth. 2007).

Instantly, Triggs was paroled on July 3, 2017, with a maximum date of November 5, 2023, or 2,316 days remaining on the original sentence. As discussed *supra*, the Board appropriately denied Triggs credit for any time spent at liberty on parole following his recommitment as a CPV. The Board appropriately granted Triggs credit for the time he was held solely on the Board's detainer: 31 days of confinement, from August 21, 2017, to September 21, 2017, and 58 days of confinement from August 14, 2018, to October 11, 2018. *See* Bd.'s Response at 4; *see also Gaito*, 412 A.2d at 571. Accordingly, following this credit calculation, Triggs owed 2,227 days of the original sentence.

The Board also awarded Triggs credit of 96 days, from February 21, 2019, until May 28, 2019. During this period, Triggs was held on the Board's detainer and the drug charges (without bail). *See id.* at 1-4. Because these charges resulted in probation, Triggs was entitled to this credit. *Martin*, 840 A.2d at 305. Therefore, subtracting 96 from 2,227 results in 2,131 days owed on his original sentence.

However, Triggs was not entitled to credit toward his original sentence from May 29, 2019, until October 2, 2021. During this period, Triggs was held on the Board's detainer and the firearms charges (without bail); however, he was also serving time for his DUI conviction. *See* Order to Recommit, 10/20/21, at 1-2 (noting sentencing and release dates on DUI as 4/5/21 and 10/2/21, respectively); Bd.'s Response at 4. Because he was serving time on another sentence, he was not entitled to credit toward his original sentence. *See Smith*, 171 A.3d at 770-71; *Armbruster*, 919 A.2d at 352.

8

Based on the above, the Board appropriately determined that October 2, 2021, was the date that Triggs became available to commence serving the backtime on his original sentence. When recalculating Triggs' maximum date, 2,131 days from October 2, 2021, results in a recalculated maximum of August 3, 2027.

## V. CONCLUSION

Counsel has fulfilled the requirements of *Turner/Finley*. *See Zerby*, 964 A.2d at 960. Further, we discern no legal error in the Board's calculations, and Triggs is not entitled to relief. *See Fisher*, 62 A.3d at 1075 n.1. For these reasons, we grant Counsel's application to withdraw his appearance and affirm the Board's decision.

LORI A. DUMAS, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Taj Triggs,                          :
                    Petitioner       :
                                     :
          v.                         :    No. 218 C.D. 2022
                                     :
Pennsylvania Parole Board,           :
                    Respondent       :

## **O R D E R**

AND NOW, this 17th day of February, 2023, the Application to Withdraw, filed by appointed counsel, Kent D. Watkins, Esq., on May 31, 2022, is GRANTED; further, the decision of the Pennsylvania Parole Board to deny Petitioner's administrative appeal, entered March 4, 2022, is AFFIRMED.

_____
LORI A. DUMAS, Judge