IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Francisco Sanchez,                          :
                                            :
                    Petitioner              :
                                            :
        v.                                  : No. 1350 C.D. 2021
                                            : Submitted: October 21, 2022
Pennsylvania Parole Board,                  :
                                            :
                    Respondent              :


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE LORI A. DUMAS, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                                    FILED: July 26, 2023


        Francisco Sanchez (Parolee) petitions for review from an order of the
Pennsylvania Parole Board (Board) that denied his request for administrative review
challenging the Board's detainer and its calculation of his maximum sentence date.
Also before us is a petition to withdraw as counsel filed by Parolee's court-appointed
attorney, Meghann E. Mikluscak, Esquire (Counsel), on the ground that Parolee's
appeal is without merit. For the reasons that follow, we grant Counsel's petition to
withdraw as counsel, and we affirm the Board's order.


                            **I. Background**

        On March 14, 2016, Parolee was sentenced to two to five years in
prison, with a consecutive year of probation (original sentence) after pleading guilty

to one count each of escape and resisting arrest in the Westmoreland County Court of Common Pleas (trial court). Certified Record (C.R.) at 2-3, 73. Parolee's minimum sentence date was January 5, 2017, and his maximum sentence date was January 5, 2020. *Id*. at 2. On January 29, 2017, the Board released Parolee on parole. *Id*. at 11, 14, 17, 22. At the time, Parolee owed 1,071 days on his original sentence, which is referred to as "backtime." *Id*. at 61.

On June 7, 2017, while on parole, Parolee was arrested and charged with possession with intent to deliver and possession of controlled substances and drug paraphernalia. C.R. at 20-21. That same day, the Board issued a warrant to commit and detain Parolee for parole violations. *Id*. at 11. The trial court set bail at $25,000, which Parolee did not post. *Id*. at 25, 27. Parolee was confined at the Westmoreland County Prison pending disposition of the new criminal charges. *Id*. at 43. On July 8, 2017, the Board confirmed its detainer during the pendency of the new criminal charges. *Id*. at 12.

Prior to the trial on the new criminal charges, Parolee filed an omnibus pre-trial motion to suppress the Commonwealth's evidence, which, by order dated November 20, 2018, the trial court granted (suppression order). C.R. at 24, 27. The Commonwealth appealed the suppression order. *Id*. at 28. During the pendency of the appeal, counsel for Parolee requested the Board to lift the parole detainer. *Id*. at 74. The Board denied the request and reaffirmed its July 8, 2017 action keeping the parole detainer in place pending disposition of the new criminal charges. *Id*. at 75. On December 3, 2019, the Superior Court reversed the suppression order and remanded the matter to the trial court. *Id*. at 29.

Thereafter, on December 10, 2019, Parolee pleaded guilty to the new charges. C.R. at 29. On May 4, 2020, the Board voted to recommit Parolee as a

2

convicted parole violator (CPV) to serve 24 months of backtime owed on the original sentence, when available, pending sentencing. *Id*. at 64. On June 16, 2020, Parolee was sentenced and returned to Board custody to begin serving his backtime. *Id*. at 55, 61. By order dated February 1, 2021, the Board recommitted him as a CPV and calculated his new maximum sentence date as May 23, 2023. *Id*. at 61. The Board did not award credit for time spent at liberty on parole, citing early failure on parole and unresolved drug and alcohol issues. *Id*. at 39, 64, 66.

Parolee, representing himself, requested administrative review of the Board's decision on the basis that the Board miscalculated his maximum sentence date and erred by reaffirming its detainer. C.R. at 72. Parolee asserted that his new criminal case was "closed" between the date of the suppression order, November 20, 2018, and the date that the suppression order was reversed, December 3, 2019, based on the suppression order. *Id*. Consequently, Parolee maintained that the Board should have lifted its detainer during this period.

By decision dated November 3, 2021, the Board denied Parolee's request for administrative review upon determining that the Board did not err or miscalculate his maximum date and affirmed its recommitment decision. C.R. at 77-78.

From this decision, Parolee filed a *pro se* petition for review in this Court reasserting that the Board erred by refusing to lift his parole detainer following the entry of the suppression order and by miscalculating his new maximum sentence date. Shortly thereafter, Counsel entered her appearance as counsel on Parolee's behalf. Following her review of Parolee's case, Counsel filed a petition to withdraw as counsel along with a no-merit letter based on her belief that Parolee's appeal is without merit. This matter is now before us for disposition.

3

## II. Petition to Withdraw

Counsel seeking to withdraw as appointed counsel must conduct a zealous review of the case and submit a no-merit letter to this Court detailing the nature and extent of counsel's diligent review of the case, listing the issues the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.[1] *Commonwealth v. Turner*, 544 A.2d 927, 928 (Pa. 1988); *Hughes v. Pennsylvania Board of Probation and Parole*, 977 A.2d 19, 24-26 (Pa. Cmwlth. 2009) (*en banc*); *Zerby v. Shanon*, 964 A.2d 956, 960 (Pa. Cmwlth. 2009). The no-merit letter must include "'substantial reasons for concluding that a petitioner's arguments are meritless.'" *Zerby*, 964 A.2d at 962 (quoting *Jefferson v. Pennsylvania Board of Probation and Parole*, 705 A.2d 513, 514 (Pa. Cmwlth. 1998)).

In addition, court-appointed counsel who seeks to withdraw representation must: (1) notify the petitioner of the request to withdraw; (2) furnish the petitioner with a copy of a brief or no-merit letter; and (3) advise the petitioner of his right to retain new counsel or raise any new points that he might deem worthy of consideration. *Turner*, 544 A.2d at 928; *Hughes*, 977 A.2d at 22. If counsel satisfies these technical requirements, this Court must then conduct an independent review of the merits of the case. *Turner*, 544 A.2d at 928; *Hughes*, 977 A.2d at 25.

---

[1] Where there is a constitutional right to counsel, court-appointed counsel seeking to withdraw must submit a brief in accord with *Anders v. California*, 386 U.S. 738 (1967), referred to as an *Anders* brief, that (i) provides a summary of the procedural history and facts, with citations to the record; (ii) refers to anything in the record that counsel believes arguably supports the appeal; (iii) sets forth counsel's conclusion that the appeal is frivolous; and (iv) states counsel's reasons for concluding that the appeal is frivolous. *Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009); *Hughes v. Pennsylvania Board of Probation and Parole*, 977 A.2d 19, 25-26 (Pa. Cmwlth. 2009) (*en banc*). Where, as here, the petitioner has only a statutory, rather than a constitutional, right to counsel, appointed counsel may submit a no-merit letter instead of an *Anders* brief. *Hughes*, 977 A.2d at 25-26.

If this Court determines the petitioner's claims are without merit, counsel will be permitted to withdraw, and the petitioner will be denied relief. *Turner*, 544 A.2d at 928; *Hughes*, 977 A.2d at 27.

Upon review, Counsel's no-merit letter satisfies the technical requirements of *Turner*. Counsel states that she conducted a conscientious and thorough review of the certified record, criminal docket, applicable statutes, and case law. She sets forth the issues Parolee raised in his petition for review: he was improperly incarcerated on a detainer that should have been lifted and his maximum sentence date was miscalculated. Counsel provides a thorough analysis as to why these issues lack merit, and she cites to applicable statutes, case law, and the certified record in support.

With regard to the detainer, Parolee contends that the Board erred by keeping a detainer lodged against him from November 20, 2018 until December 3, 2019, because his new criminal case was closed as a result of the suppression order. Parolee believes the suppression order, in effect, dismissed his new charges, thereby removing the basis for the detainer. The Commonwealth appealed the suppression order, and the appeal was decided in favor of the Commonwealth on December 3, 2019. Counsel verified the dates on the dockets provided within the certified record, and on the docket itself. According to Counsel, there is no indication, anywhere, that Parolee's case was ever "closed" on November 20, 2018. If it ever appeared so, that mistake has since been corrected as evidenced by additional docket entries after November 20, 2018.

Counsel asserts that the Board had the authority to detain him, based on the new charges, which remained pending during the suppression order appeal, until his original maximum sentence expired (January 5, 2020) or until the new charges

5

were disposed, whichever occurred first.  *Choice v. Pennsylvania Board of Probation and Parole*, 357 A.2d 242, 243-44 (Pa. Cmwlth. 1976).  Parolee's new charges were disposed of on December 10, 2019, when he pleaded guilty, which was before the expiration of his original maximum sentence.

With regard to the calculation of his new maximum sentence date, Counsel offers the following explanation:

> On March 14, 2016, [Parolee] was sentenced to [2] to [5] years (effective January 5, 2015), so his minimum was January 5, 2017[,] and his maximum was January 5, 2020. There was also reference to an additional consecutive year of probation, but for the sake of this calculation, I excluded that as it was unclear in the record.  [Parolee] was released on parole on January 29, 2017, having served [2] years and [24] days; there were [2] years and [341] days (or 1,071 days total) left unserved. His new charges occurred, and he was detained, on June 7, 2017; there was never bond posted on these new charges. In essence, that tolled the time on [Parolee'[s] original case until he was sentenced on the new case because that is when he became available to serve his backtime. June 16, 2020 plus [2] years and [341] days is May 23, 2023. Therefore, according to my calculation, the new maximum on [Parolee's] original sentence is correct.

No Merit Letter, 3/22/2022, at 2.

Based on her review, Counsel concludes that Parolee's appeal to this Court is without merit, and she requests permission to withdraw.  Counsel provided Parolee with a copy of the no-merit letter and her request to withdraw.  She advised Parolee of his right to retain new counsel or proceed by representing himself.[2]  As we are satisfied that Counsel has discharged her responsibility in complying with the

---

[2] Parolee did not retain new counsel or file a brief in support of his petition for review.

6

technical requirements to withdraw from representation, we shall conduct an independent review to determine whether Parolee's petition for review lacks merit.[3]

### III. Independent Review

Parolee claims that the Board erred by not lifting the detainer against him while his case was "closed" between November 20, 2018, and December 3, 2019, as a result of the suppression order. Petition for Review at 1. He maintains that there were no charges pending against him during this period. As a result, there was no legal basis for the Board to keep its detainer in place during this period. He also contends that the Board erred by recalculating his new maximum sentence date to May 23, 2023.

The Board is authorized to detain a parolee pending disposition of new criminal charges. 37 Pa. Code §71.3; *see* 61 Pa. C.S. §6132(a)(1)(i); 61 Pa. C.S. §6138(a)(1); *Choice*, 357 A.2d at 243-44. The Board's authority to detain remains in effect until the expiration of the parolee's original maximum sentence or until the new charges are disposed, whichever occurs first. *Choice*, 357 A.2d at 243-44.

Here, on June 7, 2017, Parolee was arrested, and the Board issued a warrant to detain Parolee for parole violations. C.R. at 11. The criminal process for the new criminal charges began. In advance of the trial, Parolee filed an omnibus pre-trial motion to suppress evidence, which the trial court granted. Contrary to Parolee's assertions, the suppression order did not dismiss the charges against him or otherwise "close" the case. Rather, the suppression order merely resolved a pre-

---

[3] Our review is limited to determining whether constitutional rights were violated, whether the adjudication was in accordance with law, and whether necessary findings were supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704; *Miskovitch v. Pennsylvania Board of Probation and Parole*, 77 A.3d 66, 70 n.4 (Pa. Cmwlth. 2013).

7

trial motion precluding the Commonwealth's evidence, and as such constituted an interlocutory order.

The Commonwealth appealed the suppression order. Our review of the docket entries in Superior Court at No. 1745 WDA 2018 confirms that the Commonwealth asserted its right of appeal under Pa. R.A.P. 311(d).[4] Section 311(d) provides: "In a criminal case, under the circumstances provided by law, the Commonwealth may take an appeal as of right from an order *that does not end the entire case where the Commonwealth certifies in the notice of appeal that the order will terminate or substantially handicap the prosecution*." Pa. R.A.P. 311(d) (emphasis added). The Superior Court accepted the appeal and, by order dated December 3, 2019, reversed the suppression order and remanded the matter to the trial court. During the entire appeal process, the new criminal charges against Parolee remained pending. The question on appeal was whether the Commonwealth could proceed with or without the evidence. The Board's authority to detain Parolee pending disposition of the new criminal charges continued until either his original maximum term expired (January 5, 2020) or until the new charges were disposed, whichever occurred first. Thus, the Board did not err or abuse its discretion by refusing to lift the detainer because the new criminal charges remained pending during the appeal of the suppression order.

As for the calculation of his new maximum sentence date, Section 6138(a)(2) of the Parole Code authorizes the Board to recommit CPVs to serve the remainder of the term they would have been required to serve had they not been

---

[4] This Court may take judicial notice of information contained in the publicly available criminal dockets in these matters. *See Moss v. SCI-Mahanoy Superintendent Pennsylvania Board of Probation and Parole*, 194 A.3d 1130, 1138 n.11 (Pa. Cmwlth. 2018); *see also* Pa. R.E. 201(b)(2) (permitting courts to take judicial notice of facts that may be "determined from sources whose accuracy cannot reasonably be questioned")

8

paroled, except as provided under subsection (2.1). 61 Pa. C.S. §6138(a)(2). Subsection (2.1) grants the Board discretion to award credit to a CPV recommitted to serve the remainder of his sentence, except when the CPV is recommitted for the reasons stated in subsections 6138(a)(2.1)(i) and (ii). 61 Pa. C.S. §6138(a)(2.1); *Pittman v. Pennsylvania Board of Probation and Parole*, 159 A.3d 466, 473 (Pa. 2017). In the exercise of this discretion, the Board must "articulate the basis for its decision to grant or deny a CPV credit for time served at liberty on parole." *Pittman*, 159 A.3d at 473. Where the Board denies credit for time served at liberty on parole, this time is applied to the original maximum expiration date to create a new maximum date. *Armbruster v. Pennsylvania Board of Probation and Parole*, 919 A.2d 348, 351 (Pa. Cmwlth. 2007).

In addition, "where an offender is incarcerated on both a Board detainer and new criminal charges, all time spent in confinement must be credited to either the new sentence or the original sentence." *Martin v. Pennsylvania Board of Probation and Parole*, 840 A.2d 299, 309 (Pa. 2003); *accord Gaito v. Pennsylvania Board of Probation and Parole*, 412 A.2d 568, 571 n.6 (Pa. 1980); *see Smith v. Pennsylvania Board of Probation and Parole*, 171 A.3d 759, 769 (Pa. 2017) (holding *Martin* and *Gaito* remain the rule in this Commonwealth for how credit is applied). As our Supreme Court held in *Gaito*:

> [I]f a defendant is being held in custody solely because of a detainer lodged by the Board and has otherwise met the requirements for bail on the new criminal charges, the time which he spent in custody shall be credited against his original sentence. If a defendant, however, remains incarcerated prior to trial because he has failed to satisfy bail requirements on the new criminal charges, then the time spent in custody shall be credited to his new sentence.

412 A.2d at 571.

9

Applying the foregoing here, Parolee was released on parole on January 29, 2017, with a maximum sentence date of January 5, 2020, which left an unserved balance of 1,071 days on his sentence. C.R. at 61. While on parole, Parolee was arrested on new criminal charges and detained by the Board on June 7, 2017. Because Parolee did not post bail, Parolee was not available to begin serving backtime until June 16, 2020, when he returned to Board custody following sentencing on the new criminal charges. The Board denied Parolee credit for time spent at liberty on parole citing Parolee's "early failure" and unresolved drug and alcohol issues. *Id*. at 39, 64, 66. Adding Parolee's unserved balance on his original sentence of 1,071 days to his return of custody date of June 16, 2020, results in a maximum sentence date of May 23, 2023. We, therefore, conclude that the Board did not err in calculating Parolee's maximum date.

## IV. Conclusion

Upon review, we agree with Counsel that Parolee's claims are without merit. Accordingly, we grant Counsel's petition to withdraw as counsel, and we affirm the order of the Board denying Parolee's request for administrative review.

_____
MICHAEL H. WOJCIK, Judge

10

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Francisco Sanchez,          :
                                   :
                 Petitioner     :
                                   :
             v.                : No. 1350 C.D. 2021
                                   :
Pennsylvania Parole Board,    :
                                   :
                Respondent : 

# **O R D E R**

AND NOW, this 26th day of July, 2023, the order of the Pennsylvania Parole Board, dated November 3, 2021, is AFFIRMED, and the petition to withdraw as counsel filed by Meghann E. Mikluscak, Esquire, is GRANTED.

_____
MICHAEL H. WOJCIK, Judge